525 So.2d 588 (1988)
STATE of Louisiana, Plaintiff-Appellee,
v.
Ronnie Lee FAIRLEY, Defendant-Appellant.
No. CR87-1368.
Court of Appeal of Louisiana, Third Circuit.
May 11, 1988.
*589 Andrew S. Vallilen, Natchitoches, for defendant-appellant.
Michael Henry, Dist. Atty., Natchitoches, for plaintiff-appellee.
Before LABORDE, KNOLL and KING, JJ.
LABORDE, Judge.
Defendant was charged with possession of marijuana and with possession of marijuana with intent to distribute in violation of LSA-R.S. 40:966. On May 22, 1987, defendant pled guilty to possession of marijuana with intent to distribute. In return for his guilty plea, the charge of possession of marijuana was dismissed. On August 28, 1987, after an unsuccessful attempt to withdraw his guilty plea, defendant was sentenced to three years in prison. Defendant now appeals his plea and sentence. The gist of his appeal is that his guilty plea was not voluntarily and intelligently made, and that he misunderstood the guidelines under which he would be sentenced as he believed his sentence would be suspended.[1]

FACTS
Police officers suspected that defendant may have been involved in the sale of marijuana after receiving information from a confidential informant. The officers arranged for the informant to purchase some marijuana from the defendant. The police then followed the car that defendant was driving.[2] They flashed their lights and sounded the siren. At some point during this period, the officers observed a brown paper bag being thrown out of the window on the driver's side of the vehicle. After stopping Fairley, the officers retrieved a brown paper bag from the area where the defendant had thrown the bag from the car. There were three plastic bags containing marijuana lying outside of the bag on the ground and several more plastic bags of marijuana inside of the brown paper bag. The police then arrested Fairley. The officers then obtained a search warrant and searched defendant's residence. They recovered several more plastic bags containing some marijuana.

WITHDRAWAL OF GUILTY PLEA
Defendant's assignments of error basically assert that he should be allowed to withdraw his guilty plea because it was not *590 voluntarily and intelligently made, and he did not understand the facts that would be taken into consideration in determining his sentence.
Defendant claims that the trial court failed to make a determination as to whether or not his guilty plea was voluntary and intelligent. In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court considered the constitutional rights affected when a defendant enters a guilty plea. The Court said that by pleading guilty the defendant does more than simply admit his conduct, he is convicted of that conduct. He waives his constitutional right to trial on that matter. The court noted that not only does the defendant waive his right to a trial by jury, but waives his privilege against self-incrimination and his right to confront his accusers. Thus the trial court has a duty to ascertain that the defendant has made the guilty plea, intelligently and voluntarily.
"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought ..." (citations and footnote omitted).
Boykin, 89 S.Ct. at 1712. The court thus held that where the trial judge accepted the defendant's guilty plea without an affirmative showing that it was voluntary and intelligent, the conviction based upon the plea should be reversed.
To satisfy the requirements of Boykin, there must be an affirmative showing in the record that the accused at the time he entered his guilty plea knowingly and voluntarily waived his constitutional privilege against self-incrimination, right to trial by jury, and right to confront his accusers. State v. Tucker, 405 So.2d 506, 509 (La. 1981).
In the case at hand the record clearly supports that defendant's guilty plea was voluntarily and intelligently made. On May 21, 1987, defendant and his attorney at that time, Michael Bonnette, signed a form entitled "Determination of Understanding of Constitutional Rights, Nature of Charge and Consequences of Guilty Plea." In that form defendant stated that he understood his constitutional rights (which were read to him) and understood that by entering a guilty plea he was giving up those rights. He also stated that his plea was given freely and voluntarily.
The record also reflects that during the plea colloquy, the judge again informed defendant that he had a right to a jury trial and to have all witnesses to any facts constituting the charged crime testify in his presence. He was also informed that by pleading guilty he was giving up his right against self-incrimination. Defendant indicated that he understood that by pleading guilty he was giving up these rights. He also indicated that his guilty plea was being made voluntarily. The trial judge also questioned defendant's attorney at the time as to whether he had explained to the defendant that he was waiving his constitutional rights by pleading guilty. Counsel said that he had done so.
After reviewing the form signed by the defendant and the colloquy between the trial judge, defendant, and his attorney, we hold that defendant's plea of guilty was, in fact, made intelligently and voluntarily. This assignment thus lacks merit.
Defendant also contends that he did not understand the plea agreement. He argues that he did not know that his prior felony convictions in California in 1972 and in 1977 would be considered in determining his sentence for the present charge. Thus he believed that he would receive a suspended sentence on the present charge. When he learned that these prior convictions were to be considered in sentencing him, defendant moved to withdraw his guilty plea.
LSA-C.Cr.P. art. 559 provides that a trial court may permit a guilty plea to be withdrawn at any time prior to sentencing. Courts have interpreted this article as granting broad discretion in deciding whether to allow the plea to be withdrawn. State v. Johnson, 406 So.2d 569, 571 (La. *591 1981). Dissatisfaction with an impending sentence is not grounds to withdraw a guilty plea. State v. Boatright, 406 So.2d 163, 165 (La.1981).
In the present matter, the terms of the plea bargain were clearly related to the defendant and his counsel. The affidavit signed by defendant stated that he was subject to a sentence "not to exceed three (3) years." During the plea colloquy the trial judge told defendant that if he entered his plea of guilty, he "would receive a sentence which would not exceed three years." It is evident that the defendant was not misled by the trial court. It clearly articulated to defendant what the potential sentence would be. Defendant indicated that he understood this. There is nothing to indicate that the trial court induced defendant into believing that he would receive a suspended sentence. A defendant cannot withdraw his guilty plea when a misunderstanding regarding his sentence was not induced by representations made by the State or by the trial court. State v. Burris, 443 So.2d 12 (La. App.3d Cir.1983).
We hold that the trial court did not abuse its discretion in denying defendant's motion to withdraw his plea of guilty. This assignment of error lacks merit.
The conviction and sentence of defendant, Ronnie Lee Fairley, are thus affirmed.
AFFIRMED.
NOTES
[1] Defendant's brief states his assignments of error as follows:

"1. It was manifest error of law for the Court to accept defendant's guilty plea without first properly determining that the defendant had full understanding of what the plea connotes and its consequences.
2. It was manifest error of law for the Court not to have properly inform defendant that the number of year(s) he would be sentenced to would be decided after receipt and review of his pre-sentence investigation report.
3. It was manifest error of law for the Court not to inquire of the defendant whether or not he plead guilty because he was lead to believe that he would receive a three (3) years suspended sentence.
4. It was manifest error of law for the Court not to allow defendant to withdraw his guilty plea after learning that the defendant's plea was made with the understanding and belief that he would receive a suspended sentence of not more than three years.
5. It was manifest error of law and evidence for the Court to refer to and rely on evidence not a part of the record in reaching its decision to deny defendant's motion to withdraw his guilty plea."
[2] Defendant was driving a green and white Lemans. This vehicle belonged to another suspect the police had been investigating, Robert Rachal. Defendant was the only person in the vehicle when the arrest was made.