548 So.2d 71 (1989)
STATE of Louisiana
v.
Joseph Donald MALMAY.
No. CR88-810.
Court of Appeal of Louisiana, Third Circuit.
July 17, 1989.
*72 Wellborn Jack, Jr., Shreveport, for defendant-appellant.
Don Burkett, Dist. Atty., Many, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and FORET, JJ.
GUIDRY, Judge.
Appellant, Joseph Donald Malmay, was charged by bill of information with operating a vehicle while intoxicated, fourth offense, in violation of La.R.S. 14:98. The offense occurred on November 25, 1986. A plea bargain was reached by which appellant would plead guilty to the November 1986 charge with the understanding that the State would not prosecute a similar charge arising from a driving incident on February 5, 1988. The trial court, before accepting defendant's plea, advised appellant of the presumption of innocence, the State's burden of proof, the privilege against self-incrimination, the right to confront his accusers, the right to trial by jury and the right to appeal. The judge read the relevant sections of La.R.S. 14:98 including the applicable sentencing range. The court emphasized this by stating, "So in tendering a plea, Mr. Malmay, this particular offense provides, and I want to point this out to you, for a penalty of a sentence to imprisonment, at hard labor, for not less than ten nor more than thirty years". Appellant specifically indicated an understanding of the possible sentences as well as the rights waived by the guilty plea. After the prosecution stated the factual basis for the charge, the trial judge accepted the guilty plea, expressly finding it to be knowing and voluntary.
Although the trial judge stated his intention to impose the minimum sentence, appellant determined not to waive sentencing delays. At the June 17, 1988 sentencing hearing, defense counsel argued that La.C. Cr.P. art. 893 allowed the court to suspend sentence and sought leniency from the trial court. The trial judge rejected this argument and imposed the minimum sentence of ten years at hard labor.
On appeal, defendant urges only that his plea of guilty was involuntary because it was based on the erroneous assumption (by both he and his trial counsel) that suspension of sentence was available. Accordingly, defendant-appellant argues that his plea of guilty is constitutionally infirm because it was entered with the mistaken impression that probation was a sentencing possibility.
Appellant in the instant case had two prior felony convictions within five years of the date of the instant offense. Under the circumstances, he was not eligible for probation under La.C.Cr.P. art. 893.
Appellant argues in brief that his guilty plea is invalid because it was not made intelligently since he and his counsel labored under the erroneous belief that probation was a sentencing alternative. The record does not reflect that defense counsel ever motioned the trial court to withdraw the defendant's guilty plea nor is that issue preserved by assignment of error. Generally, the failure to raise and preserve such issue would preclude appellate review. However, the requisites and sufficiency of the plea colloquy will be considered in our patent error review. State v. Arceneaux, 520 So.2d 1125 (La.App. 3rd Cir.1987); State v. Studivant, 531 So.2d 539 (La.App. 5th Cir.1988).
A valid guilty plea requires an affirmative showing in the record that at the time of the plea, the accused knowingly and voluntarily waived his constitutional privilege against self-incrimination, right to trial by jury and right to confront his accusers. State v. Tucker, 405 So.2d 506 (La.1981). A guilty plea is constitutionally deficient where the state does not fulfill an express or implied part of the plea bargain which precipitated the defendant's decision *73 to so plead. State v. Hayes, 423 So.2d 1111 (La.1982); State v. Deville, 457 So.2d 864 (La.App. 3rd Cir.1984). Misunderstandings regarding sentence which are not induced by representations of the prosecutor or trial judge do not invalidate a guilty plea. State v. Fairley, 525 So.2d 588 (La.App. 3rd Cir.1988).
In the instant case, the terms of the plea agreement were explained to defendant and his counsel. At the hearing when defendant's guilty plea was accepted, the trial judge carefully listed constitutional rights waived by the guilty plea and clearly articulated the range of sentences. Appellant indicated an understanding. Contrary to appellant's assertions, the transcript does not demonstrate an expectation of a suspended sentence. After the trial judge indicated an intent to impose the statutory minimum of ten years, defense counsel argued for an illegally lenient sentence by seeking suspension of the whole or part of the sentence. Most importantly, there is nothing in the record to indicate that either the prosecutor or the court led appellant to believe that he could receive a suspended sentence.
For these reasons, we find appellant's guilty plea to have been entered knowingly and voluntarily. His conviction and sentence are affirmed.
AFFIRMED.