YELVERTON, Judge.
These criminal cases were consolidated at the trial level and guilty pleas were accepted by the trial court simultaneously. There were two defendants, Keith Alex, 21, and Dan Davenport, III, 18. Both pleaded guilty to second-degree battery, a violation of La.R.S. 14:34.1, which carries a maximum of five years. The trial court sen *757 tenced each to the maximum at hard labor. In this opinion we consider both appeals. A separate decree is this date handed down in the appeal of Davenport.
The defendants were charged as a result of a beating they administered to a 17 year old victim over a girl. They were boykinized together. As part of the guilty plea, the defendants were told that the judge would recommend them for the IMPACT Program (an intensive incarceration and parole program governed by La.R.S. 15:574.4-574.5). That this was part of the plea bargain is evidenced in the boykinization colloquy which is set forth in full in the minutes in the record. The trial judge who accepted their plea made an unconditional promise that he would recommend them for the IMPACT Program.
The guilty plea was accepted on January 24, 1989. The sentences were handed down on March 23, 1989, following reception of the presentence investigation reports on both defendants. The minutes of court, which constitute a verbatim transcript of the proceedings during sentencing, show that when the defendants appeared before the court, they were immediately sentenced to five years in the custody of the Louisiana Department of Corrections. The judge did not recommend them to the program, stating:
They neither one qualify for the IMPACT Program because the IMPACT Program does not want people of their vicious demeanor and that’s reflected in the pre-sentence report.
The statutes governing the IMPACT Program state that recommendations from both the trial judge and the division of probation and parole must be submitted before any defendant is enrolled in the program. La.R.S. 15:574.4(A)(2)(a)(ii) & (iii). The division of probation and parole discloses its recommendations in the pre-sentence report. La.R.S. 15:574.-4(A) (2) (a)(ii).
It is unclear from the contents of the presentence reports whether the division recommended them to the IMPACT Program and defendants were rejected, or the division internally “considered” the matter and decided not to recommend defendants at all. What is clear, however, is that the trial judge at sentencing refused to recommend that defendants be considered for participation in the program.
Thus, the defendants were both given a sentence that was contrary to the plea bargain which was made a boykinized condition of their guilty plea. Whether they would have been ultimately accepted for the IMPACT Program is not the issue. When a guilty plea is induced by a bargain that is not kept, the guilty plea is not freely and knowingly given. State v. Hayes, 423 So.2d 1111 (La.1982). We vacate the sentences, and remand the cases to the district court for its decision, after a contradictory hearing, in light of the circumstances of the cases, whether due process requires (1) specific performance of the plea bargains, or (2) that the defendants be tried on the original charges.
SENTENCES VACATED; REMANDED.