614 So.2d 175 (1993)
STATE of Louisiana, Plaintiff-Appellee,
v.
Leroy READOUX, Defendant-Appellant.
No. CR92-349.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
*176 Kenneth Rodenbeck, Alexandria, for defendant-appellant.
Cliff Strider, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before LABORDE, THIBODEAUX and WOODARD, JJ.
THIBODEAUX, Judge.
The defendant, Leroy Readoux, was originally indicted for committing second-degree murder on February 14, 1988. Pursuant to a plea bargain agreement the bill of indictment was amended on November 30, 1988, and defendant was charged with manslaughter, a violation of LSA-R.S. 14:31. In return for defendant's guilty plea to the reduced charge of manslaughter, defendant was to receive the statutory maximum sentence of twenty-one (21) years at hard labor. After defendant was sentenced as agreed upon in the plea bargain, he did not appeal but later began to file applications for post-conviction relief. Eventually, defendant's motion for out-of-time appeal was granted and defendant was appointed a new attorney to pursue his appeal.
Defendant assigns as errors the following: (1) his guilty plea to manslaughter was not knowingly, intelligently or voluntarily made; (2) the trial court erroneously denied his Application For Post-Conviction Relief without requiring the State to answer and without granting him an evidentiary hearing.
Finding these two assignments of error to be without merit, we affirm defendant's conviction and sentence.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that his plea of guilty was not knowingly and voluntarily made because he believed that he would be released after serving ten (10) years out of the twenty-one (21) year sentence he received.
To satisfy the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), there must be an affirmative showing in the record that the accused, at the time he entered his guilty plea, knowingly and voluntarily waived his constitutional privilege against self-incrimination, right to trial by jury, and right to confront his accusers. State v. Fairley, 525 So.2d 588, 590 (La.App. 3d Cir.1988). The present case arises out of a plea bargain agreement between defendant and the State. A guilty plea is invalid, or constitutionally infirm, when a defendant is induced to enter a plea of guilty by a plea bargain agreement, or what he reasonably or justifiably believes was a plea bargain agreement, and the terms of the bargain are not satisfied. State v. Jones, 546 So.2d 1343, 1346 (La.App. 3d Cir.1989); State v. Taylor, 535 So.2d 1229, 1230 (La.App. 3d Cir.1988), quoting State v. Dixon, 449 So.2d 463, 464 (La.1984). It is well settled that if a defendant's misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there is no ground for invalidating the guilty plea. State v. Malmay, 548 So.2d 71, 73 (La.App. 3d Cir.1989); State v. Jones, supra.
It is also well settled that a misunderstanding between a defendant and counsel for defendant does not have the same implication as a breached plea bargain agreement, and this misunderstanding does not render the guilty plea invalid. State v. Lockwood, 399 So.2d 190 (La.1981); State v. Johnson, 533 So.2d 1288, 1292 (La.App. 3d Cir.1988), writ denied, 563 So.2d 873 (La.1990). In the absence of fraud, intimidation, or incompetence of counsel, a guilty plea is not made less voluntary or less informed by the considered advice of counsel. See, State v. Johnson, *177 461 So.2d 1259, 1261 (La.App. 1st Cir. 1984).
The present case is similar to State ex rel. Turner v. Maggio, 463 So.2d 1304 (La. 1985), in which a defendant claimed that his guilty plea to first degree murder in return for a life sentence having eligibility for parole was based almost solely on representations by his attorneys that he would be considered for parole on his life sentence after serving ten years and six months of prison with good behavior, and this "promise" was the controlling factor in his decision to plead guilty. As a result of his guilty plea, the defendant had an armed robbery charge dismissed and no longer faced a possible death penalty. In rejecting the defendant's claim, the Louisiana Supreme Court noted:
As to any "promise" by relator's attorneys, although the record clearly established that relator's attorneys informed him of the practice under which life sentences were frequently commuted and parole granted after "10-6", he was never promised by his attorneys that he would be released. His lawyers testified at the hearing that they made no promises or guarantees to relator and reached no understanding with him that his release on parole was automatic. Relator was certainly motivated by the hope for an early release on parole, and he actually had a reasonable expectation of that possibility based on the lawyers' competent assessment of the situation as it existed at the time of his plea. Nevertheless, his lawyers made no representation which would justify relator's belief that he was pleading guilty in exchange for a promise or guarantee (other than dismissal of the armed robbery charge). The essence of the advice by relator's attorneys was that the best possibility for gaining release from custody was to plead guilty, accept a life sentence, behave in an exemplary fashion, and hope to be released on parole.
Id. at p. 1308.
The key inquiry in the present case is whether the evidence clearly establishes that the prosecutor or trial judge said anything that gave defendant a reasonable and justifiable basis for his belief that he would be released from prison after serving ten (10) years out of the twenty-one (21) year sentence. State v. Malmay, supra. Counsel for defendant argues that because defendant had a limited capacity to read and write, he was justified in believing that he would serve only ten (10) years out of the twenty-one (21) year sentence.
A review of the Boykinization colloquy and sentencing establish the context in which defendant's claim arose. While informing defendant of the constitutional rights he was waiving as a result of his guilty plea, the trial court informed defendant of a consequence of his felony conviction:
BY THE COURT: Do you understand that this conviction may be used to enhance the sentence for any future criminal conviction? Do you understand that this particular conviction could be used against you later on, if you are convicted of another crime in the future?
BY MR. READOUX: Yeah, I understand.
BY THE COURT: You understand that?
BY MR. READOUX: Uh-huh. Yeah. Just like I might get in a fight in jail, and don't hit a guy with this bare fist would still (Inaudible) You know, just like a man grabbed me and go to fighting, you know.
BY THE COURT: Somebody committed a crime against you?
BY MR. READOUX: Yes, sir. You know, it's a bare fist fight, you know, it's got people like that in there.
BY THE COURT: And you were not ... you're saying that if you got into a fight with another prisoner?
BY MR. READOUX: Yeah, another prisoner, don't you think I have a right to protect myself, you know, just with bare hands, don't hit them with nothing, you know, just bare fist?
BY MR. STONE: Your Honor, I ...
BY THE COURT: And you want to know if this can be used against you (Interrupted)

*178 BY MR. READOUX: Yeah.
BY THE COURT: I'll let your attorney explain that to you.
BY MR. STONE: Your Honor, I think Mr. Readoux has a little bit of confusion. We were talking about in ... when we were discussing the plea, about his eligibility for a release sometime earlier than 21 years, on good time. And I told him that he would get good time ... uh ... assuming ... and he would get the good time and it would result in his early release, but... as long as his good time wasn't taken away because he ... uh ... committed some violation or some act in ... while he was in jail, that would result in the loss of good time. And that's when he asked me the questions about ... about what if somebody started a fight with him, or something like that, in jail. And I think that's what he is making reference to. What the Judge is asking you about enhancement, and what he is telling you, is what we were talking about, that because of this conviction, you will be convicted of a felony ...
BY MR. READOUX: Yes.
BY MR. STONE: And if you got out of jail, and you were out of jail after serving your sentence and then committed another crime, that would be a second offense, and it would be more serious.
BY MR. READOUX: Yeah.
BY MR. STONE: Because you had this offense, that's what he's talking about.
BY MR. READOUX: Yes ... (Inaudible)
BY MR. STONE: Do you remember we talked about that? Do you understand that?
BY MR. READOUX: Yes, I understand everything.
Further in the colloquy the trial judge began to summarize the terms of the plea bargain:
BY THE COURT: Do you understand that if you plead guilty to manslaughter today, that I'm going to sentence you to twenty-years at hard labor?
BY MR. READOUX: Yes sir.
BY THE COURT: You understand that?
BY MR. READOUX: Yes, sir.
BY THE COURT: Other than having the charge reduced to manslaughter, and the understanding that you are going to be sentenced to twenty-one years at hard labor, were any other promises or inducements, threats, or anything of that nature, made to you in order to get you to plead guilty to manslaughter?
BY MR. READOUX: Whatcha mean?
BY THE COURT: Were there any ... did you ... were there any other promises or threats, or anything like that made to you to influence you to enter a guilty plea today?
BY MR. READOUX: No.
BY THE COURT: All right.
The colloquy and sentencing concluded with the following exchange:
BY THE COURT: Now, do you wish to waive these rights that we went over a few minutes ago and enter a guilty plea to the crime of manslaughter?
BY MR. READOUX: Yes, sir, plead guilty to manslaughter.
BY THE COURT: All right. Are you pleading guilty to the charge because you are, in fact, guilty of the charge?
BY MR. READOUX: I'm guilty of the charge.
BY THE COURT: All right. And you understand that you are going to receive a 21 year hard labor sentence?
BY MR. READOUX: Yes, sir.
BY THE COURT: All right. The State
...
BY MR. READOUX: Uh ...
BY THE COURT: The State ... go ahead.
BY MR. READOUX: Wait a minute. Twenty-one years, whatcha mean, uh... if I'm be good, and everything, and don't lose my good time where I can get back out on parole on ten years ... only ten years.
BY THE COURT: Well, your lawyer explained the good time to you?
BY MR. READOUX: Well, yeah, that's right, excuse me.

*179 BY THE COURT: But the sentence of the court will be twenty-one years, you understand?
BY MR. READOUX: Yeah ... Yeah ... Yeah, I understand, excuse me.
BY THE COURT: All right, does either the State or defense counsel wish to add anything?
BY MR. STONE: No, Your Honor.
BY MR. STRIDER: No, Your Honor.
BY THE COURT: All right. The Court finds that the defendant understands the ... his rights, and the consequences of entering a guilty plea and will permit him to enter his plea at this time.
Defendant's first assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
By his second assignment of error, defendant contends that the trial court erred when it granted his motion for out-of-time appeal, but did not grant his motion for an evidentiary hearing to supplement the evidence in support of his September 10, 1991 Application For Post-Conviction Relief.
Defendant filed a post-conviction relief application on June 21, 1991, claiming ineffective assistance of counsel. It was denied for being incomplete. He filed a second application on September 10, 1991, again claiming ineffective assistance of counsel, along with a motion for an evidentiary hearing on that issue. The application was denied for lack of merit and the motion for hearing was likewise denied.
Shortly thereafter, defendant filed a motion for an out-of-time appeal which was denied by the trial judge. Writs were taken and, ultimately, this court remanded to the trial judge for disposition. The appeal was granted. Defendant failed to timely lodge his assignments of error with this court, and the matter was again remanded to the trial judge for disposal under La. C.Cr.P. art. 844. After a hearing, one assignment of error was set forth, that being our present first assignment of error.
Subsequently, the record was supplemented and the second assignment was added. We are not convinced this assignment is properly before this court, but as it is somewhat tied to the first, we shall address it nevertheless. Defendant argues in brief that he should have been allowed an evidentiary hearing regarding his claims. He contends the trial judge erred in denying his claims without ordering the district attorney to answer and without allowing him to supplement the record with evidence to show ineffective counsel.
Under La.C.Cr.P. art. 927 and its jurisprudential interpretation in State v. Terry, 458 So.2d 97 (La.1984), the trial judge is not required to order the district attorney to file an answer before summarily disposing of a claim. See, La.C.Cr.P. art. 928. The trial judge found on the face of the application that the claims were without merit. As we discussed earlier, it is clear from the colloquy the plea of guilty was freely given, and no other evidence is necessary for disposal of that issue. As to claims of ineffective assistance of counsel, no substantive allegations were made to substantiate that claim. The defendant did not allege the existence of other evidence tending to prove improper or inadequate representation. Moreover, it is not known how the record on appeal could be further developed by an evidentiary hearing, especially since defendant has not pursued on appeal his original claim of ineffective assistance of counsel. As a result, an evidentiary hearing on that issue is unwarranted. This claim is without merit.
For the foregoing reasons, we affirm the defendant's conviction and sentence.
AFFIRMED.