666 So.2d 1137 (1995)
STATE of Louisiana, Appellee,
v.
Addie P. JOHNSON, Defendant-Appellant.
No. CR95-626.
Court of Appeal of Louisiana, Third Circuit.
December 13, 1995.
*1138 William E. Tilley, for State.
Clay Williams, for Addie P. Johnson.
Before KNOLL, THIBODEAUX and AMY, JJ.
AMY, Judge.
Defendant, Addie P. Johnson, pled guilty to one count of distribution of cocaine. She subsequently filed a motion to withdraw her guilty plea, which the trial court denied. On appeal, defendant contends that the guilty plea was constitutionally infirm and that the trial court abused its discretion by refusing to allow her to withdraw her guilty plea. For the following reasons, we reverse and vacate defendant's guilty plea, conviction, *1139 and sentence, and remand for further proceedings in accordance with this opinion.

DISCUSSION OF THE RECORD
On April 20, 1994, defendant, Addie P. Johnson, was indicted on two counts of distribution of cocaine, in violation of La.R.S. 40:967 and La.R.S. 40:964.
The State alleges that the following incident occurred on October 26, 1993, in the Parish of Vernon, which forms the basis of the first count: Undercover agent Tracy Johnson and a confidential informant drove to defendant's residence. The confidential informant exited the vehicle, entered defendant's home, and returned with her. Defendant accompanied them to Big Casino on Havana Street in Leesville. Defendant exited the vehicle and later returned, handing Agent Johnson four white rocks of what later tested to be cocaine. Agent Johnson gave defendant fifty dollars for the cocaine, and they left the area.
The charges in the second count stem from a similar incident, which the State alleges occurred on December 2, 1993: Agent Johnson met a confidential informant in the Big Casino parking lot in Leesville. They entered the casino where they met the defendant. Agent Johnson gave defendant forty dollars and she gave him a rock of crack cocaine in exchange. Agent Johnson asked the seller if her name was "Addie" and she replied that it was. The rock was subsequently tested and determined to be cocaine.
On April 20, 1994, defendant was arraigned and pled not guilty. On June 9, 1994, defendant began a guilty plea, but changed her mind, did not enter the plea, and elected to proceed to trial. On June 13, 1994, during jury selection, defendant sought to plead guilty to the first count in exchange for the dismissal of the other count by the State of Louisiana, with recommendation by defense counsel of probation, and with no opposition and no recommendation by the State of Louisiana. After a hearing, the trial judge accepted the plea. On December 9, 1994, the defendant filed a motion seeking to withdraw her guilty plea on the basis that at the time that she accepted the plea she was under the impression that she would be entitled to probation and that she would not have pled guilty if she had known that she was not entitled to probation.
On December 12, 1994, the trial court conducted a hearing on defendant's motion to withdraw her guilty plea. The court denied the motion, and on February 28, 1995, defendant was sentenced to ninety-six months at hard labor with two years of the sentence suspended, and the defendant placed on supervised probation for three years after release. Defendant now appeals alleging four assignments of error.
1. The Honorable Court committed reversible error by accepting a plea of guilty of Bill of Information No. 48,846 which:
A. Was not freely and voluntarily given by the defendant;
B. Was coerced from the defendant by promises of the court;
C. Consequences of the plea were not fully understood by the defendant;
D. Was given by the defendant when relevant facts related to her willingness to enter a plea of guilty were not known to defendant.
2. The Honorable Court committed reversible error by accepting a plea of guilty from the defendant to Bill of Information No. 48,846 without admission of guilt by the defendant on the record.
3. The Honorable Court committed reversible error by accepting a plea of guilty by the defendant from Bill of Information No. 48,846 which was contrary to the law in evidence in the case and was patently and manifestly erroneous.
4. The Honorable Court committed reversible error by denying the defendant's motion to withdraw her guilty plea to Bill of Information No. 48,846.

LEGAL PRINCIPLES
Under La.Code Crim.P. art. 559, a trial court has discretion to permit a defendant to withdraw a guilty plea before sentence. The trial court is given wide latitude in considering whether to grant a motion to withdraw; however, this discretion may not be exercised arbitrarily and a trial court *1140 should allow a guilty plea to be withdrawn when the facts demonstrate that the plea was constitutionally deficient. State v. Celestine, 540 So.2d 1208 (La.App. 3 Cir.1989).
A plea of guilty is a conviction and waives the accused's constitutional rights against compulsory self-incrimination, to trial by jury, and to confront his accusers; therefore, a guilty plea must be free and voluntary on the part of the accused to be constitutionally valid. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). To satisfy Boykin, the face of the record must demonstrate that the defendant expressly and knowingly waived the constitutional guarantees against self-incrimination, the right to a trial by jury, and the right to confront his accusers. Boykin, 395 U.S. 238, 89 S.Ct. 1709; State v. Tucker, 405 So.2d 506 (La.1981).
In the case sub judice, the record reflects defendant was informed of her Boykin rights when she signed a form so indicating. Furthermore, at the Boykinization hearing, she stated her attorney had gone over her rights with her. As the trial court noted, she was aware of her right to a trial by jury because prospective jurors had been assembled for her case and voir dire had begun when she decided to plead guilty. The trial judge asked her if she understood that she had the right to confront her accusers and that she had the privilege against self-incrimination. Defendant responded she understood. Defendant indicated that she understood her constitutional rights and the consequences of her guilty plea.
When the record establishes that a defendant was informed of and waived the privilege against self-incrimination and the right to confrontation and trial by jury, the burden then shifts to the defendant to prove that nevertheless, her guilty plea was constitutionally infirm. State v. Bradford, 627 So.2d 781 (La.App. 2 Cir.1993), writ denied, 94-0006 (La. 04/22/94); 637 So.2d 154.
On December 9, 1994, the defendant filed a motion seeking to withdraw her guilty plea on the basis that at the time that she accepted the plea she was under the impression that she would be entitled to probation and that she would not have pled guilty if she had known that she was not entitled to probation. At the hearing on the motion to withdraw defendant's guilty plea, the trial court determined that defendant was not eligible for probation. Defendant's pre-sentence investigation completed on July 14, 1994, indicates that she had a previous felony conviction for distribution of cocaine in California on October 15, 1987, was sentenced to a suspended jail sentence of 120 days in jail and was placed on supervised probation for 36 months. She successfully completed probation on October 15, 1990. The presentence investigation report classifies defendant as a second-felony offender and indicates that she is ineligible for probation for this conviction. We agree that defendant is not eligible for probation.
At the December 12, 1994, hearing on the defendant's motion to withdraw her guilty plea, the record contains the following:
Q. Miss Johnson, did you appear in this Court on June the 13th of 1994 ...
A. Yes sir.
Q.... for a trial and a subsequent plea?
A. Yes sir.
Q. At the time of your plea, was there discussion between you and your attorney about the possibility of probation of your sentence?
A. Yes sir.
Q. And was there also discussion in your plea with the Judge about the possibility of probation?
A. Yes sir.
Q. And were you under the impression when you pled guilty that you would be entitled to the possibility of probation?
A. Yes sir.
Q. Had you been informed at the time of your plea that you would not have been entitled to probation, would you have pled?
A. No sir.
Q. And is that the reason you are asking this Court to allow you to withdraw your plea today?
A. Yes sir.
* * * * * *

*1141 Q. If you had thought that you did not have the possibility of getting probation would you have pled?
A. No sir.
Q. Okay. So you thought at the time that you pled there was a possibility of you receiving probation based upon your discussions with your attorney, myself, and discussions with the Judge at the plea?
A. Yes sir.
* * * * * *
Q. Do you recall the Court informing you thatafter you expressed to him that before you expressed to him that you understand that there was no guarantee of probation, that the Court informed you, and I quote: "Well, the Court could still, since it's so long agoit could still place you on probation as far as that goes." Do you recall that at the ...
A. Yes sir.
Q. And is that the reason you're telling us today that you felt like you were entitled to the possibility of receiving probation but weren't guaranteed probation? Is that why you're asking to withdraw your plea today?
A. Yes sir.
At the outset, we note that dissatisfaction with the sentence received is not a permissible basis to withdraw a guilty plea, and the expectation of a lesser sentence does not render a guilty plea involuntary. State v. Clark, 414 So.2d 369 (La.1982); State v. Fontenot, 535 So.2d 433 (La.App. 3 Cir.1988); State v. Fairley, 525 So.2d 588 (La.App. 3 Cir.1988). It is only when misunderstandings regarding the sentence one will receive are induced by or attributed to representations of the prosecutor or trial judge which are not fulfilled, that grounds exist for the withdrawal of a guilty plea. State v. Malmay, 548 So.2d 71 (La.App. 3 Cir.1989); State v. Jones, 546 So.2d 1343 (La.App. 3 Cir.1989); Fairley, 525 So.2d 588. Conversely, misunderstandings between a defendant and his defense counsel do not render a guilty plea involuntary. State v. Readoux, 614 So.2d 175 (La.App. 3 Cir.1993).
When a defendant contends that he and his trial counsel erroneously assumed that a suspension of sentence was available, but the record does not demonstrate that the trial court informed the defendant that a suspended sentence was available, the defendant's guilty plea is not rendered involuntary by this misunderstanding. Malmay, 548 So.2d 71. Thus, in the case before us if the trial court had not told defendant that she was eligible for probation, but had instead told her that her eligibility for probation was dependent upon her presentence report or had informed defendant of the penalty without mentioning probation, then defendant clearly would not have had a basis to withdraw her guilty plea because any misunderstanding on her part would not have been attributable to the trial court. See State v. Mangano, 464 So.2d 1032 (La.App. 1 Cir. 1985).
In this case, neither the trial court nor the State promised defendant that she would receive probation. The record clearly and unequivocally demonstrates that the trial court told defendant that her attorney would "urge the Court to place you on probation. The State's attorney will take no position on that whatever. But you need to understand that the Court doesn't have to accept the recommendation." If an unconditional promise of probation had been made to defendant by the trial court and not fulfilled, then clearly defendant's guilty plea would not have been knowing and voluntary and she would have been entitled to withdraw her guilty plea when it was determined that she was ineligible for probation because the plea bargain would not have been kept. State v. Chalaire, 375 So.2d 107 (La.1979); State v. Alex, 558 So.2d 756 (La.App. 3 Cir.1990). See also State v. Thompson, 92-1345 (La.App. 4 Cir. 1/13/94); 631 So.2d 474. Rather, the trial court mistakenly believed that defendant was eligible for probation and passed on this erroneous information to her at the Boykin hearing when she pled guilty. The fact that the trial court did not make an unconditional promise to the defendant which was breached but instead erroneously informed defendant that she was eligible for probation, which was a mistake of law, makes the resolution of this case less clear.
*1142 This problem is further compounded by the fact that it was the defendant's and her attorney's statements to the trial court which led him to erroneously believe that she was eligible for probation. The defendant's attorney told the trial court that defendant had been convicted of a felony grade of marijuana eight years ago; that defendant had received probation and had successfully completed probation. To which the district court replied: "Well, the Court could still, since it's so long agoit could still place you on probation as far as that goes."
Nevertheless, where a trial court commits an error of law by erroneously advising a defendant of the applicable penalty, the defendant is entitled to have the guilty plea set aside. State v. Jones, 610 So.2d 1014 (La.App. 1 Cir.1992). Since the trial court erroneously informed defendant that she was eligible for probation when she was in fact not eligible for probation and had to receive a minimum jail sentence of five years under La.R.S. 40:967, we believe that she is entitled to have the guilty plea set aside. Accordingly, we find that the first and fourth assignments of error have merit and we vacate defendant's guilty plea, conviction, and sentence, and remand for further proceedings in accordance with this opinion. Our determination that these two assignments of error possess merit and our setting aside of defendant's guilty plea renders the other assignments of error moot.

DECREE
Defendant's guilty plea is vacated, defendant's conviction and sentence are reversed, and this case is remanded to the district court for further proceedings in accordance with this opinion.
GUILTY PLEA VACATED; CONVICTION AND SENTENCE REVERSED; CASE REMANDED.
KNOLL, J., dissents and assigns reasons.
KNOLL, Judge, dissenting.
Neither the State nor the trial court promised the defendant that she would get probation. To the contrary, the trial judge clearly informed defendant that she was not entitled to probation and that he retained the right to deny her probation. Misunderstandings regarding the sentence one will receive which are not induced by representations of the prosecutor or trial judge do not invalidate a guilty plea. State v. Malmay, 548 So.2d 71 (La.App. 3 Cir.1989). Defendant has simply not shown that she was misled by the trial judge into believing that she was entitled to probation. In fact, the record shows that it was the defendant and her attorney who provided incorrect information to the trial judge regarding the defendant's prior conviction.
The majority view is a clear departure form the prevailing jurisprudence, and in my view, my esteemed colleagues committed clear error in setting this plea aside.
For these reasons, I respectfully dissent.