711 So.2d 853 (1998)
STATE of Louisiana, Appellee,
v.
Cornell LANDRY, Defendant-Appellant.
No. 97-1460.
Court of Appeal of Louisiana, Third Circuit.
May 6, 1998.
Gary C. Tromblay, Houma, Earl Taylor, District Attorney, for State.
Daniel James Stanford, Enice, for Cornell Landry.
Before WOODARD, AMY and GREMILLION, JJ.
AMY, Judge.
The defendant, Cornell Landry, was convicted of distribution of cocaine, a violation of La.R.S. 40:967(A), and subsequently sentenced to ten years at hard labor. The trial court ordered the sentence to be served consecutively with any other sentence being served by the defendant. On appeal, the defendant alleges that the State breached the plea agreement entered into by failing to recommend, at the sentencing hearing, that the sentence be served concurrently.

Factual and Procedural Background
The record indicates that, on October 11, 1996, the defendant, Cornell Landry, was charged by bill of information with distribution of cocaine, a violation of La.R.S. 40:967(A)(1).[1] At that time, the defendant entered a plea of not guilty to the charge.
However, this plea was withdrawn when, on January 6, 1997, the defendant entered a guilty plea pursuant to a plea agreement entered into with the State.
On March 14, 1997, the defendant was sentenced to serve ten years at hard labor to run consecutively to the sentence imposed due to a previous conviction in District "A" of the Twenty-Seventh Judicial District Court. Further, the minutes of the instant matter indicate that the defendant's Motion to Reconsider the Sentence was denied on May 9, 1997.[2]
The defendant now appeals, assigning the following as error:

*854 The District Attorney's Office failed to recommend that the sentence imposed by the Court run concurrent with a previously imposed sentence in Division "A" and, the Court failed to run the Defendant's sentence concurrent with the sentence previously imposed in Division "A" although it was understood by the prosecutor, the defense counsel and the Judge at the taking of the guilty plea that a plea agreement was entered into between the State and the defendant for a concurrent sentence and it was the terms of said plea agreement which induced the Defendant to enter into the plea.

Discussion
In his only assignment of error, the defendant argues that his plea agreement has been breached. Landry maintains that he entered into a plea agreement wherein the State agreed to not file a habitual offender bill against him and, further, to recommend that any sentence imposed would be served concurrently with the sentence he was serving for his prior conviction. He contends that the State only made this recommendation at the time he entered his plea and did not, once again, recommend the concurrent sentence at the sentencing hearing. Furthermore, Landry argues, in brief, that, by accepting his guilty plea, the trial court "impliedly accepted the terms of the plea bargain agreement and is therefore bound by these terms." Since this plea agreement was, in his view, breached, the defendant argues that he should now be allowed to withdraw his guilty plea.
Pursuant to La. Code Civ.P. art. 559(A), a trial court "may permit a plea of guilty to be withdrawn at any time before sentence." However, the courts of this state have previously allowed those guilty pleas which are constitutionally deficient to be withdrawn, after sentencing, on appeal or post-conviction relief. State v. Dixon, 449 So.2d 463 (La. 1984). In the instant matter, not only has sentence been imposed, but, apparently, the defendant alleges breach of the plea agreement for the first time on appeal.[3] Because we conclude the validity of the defendant's plea is possibly at issue, due to the question of whether it was knowing and intelligent, rather than solely the parties' compliance with the plea agreement, we review the matter despite the defendant's failure to squarely present the issue previously.
This court has previously stated the following in considering the constitutional validity of a guilty plea:
A plea of guilty is a conviction and waives the accused's constitutional rights against compulsory self-incrimination, to trial by jury, and to confront his accusers; therefore, a guilty plea must be free and voluntary on the part of the accused to be constitutionally valid. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). To satisfy Boykin, the face of the record must demonstrate that the defendant expressly and knowingly waived the constitutional guarantees against self-incrimination, the right to a trial by jury, and the right to confront his accusers. Boykin, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; State v. Tucker, 405 So.2d 506 (La.1981).
....
When the record establishes that a defendant was informed of and waived the privilege against self-incrimination and the right to confrontation and trial by jury, the burden then shifts to the defendant to prove that nevertheless, her guilty plea was constitutionally infirm. State v. Bradford, 627 So.2d 781 (La.App. 2 Cir.1993), writ denied, 94-0006 (La.04/22/94); 637 So.2d 154.
State v. Johnson, 95-626, p. 3-4 (La.App. 3 Cir. 12/13/95); 666 So.2d 1137, 1140, writ denied, 96-0156 (La.4/19/96); 671 So.2d 925.
In the instant matter, the record indicates that, prior to accepting the defendant's guilty plea, the trial court clearly informed the defendant of his various constitutional rights, including his rights to confrontation, trial by jury, and his privilege against self-incrimination. Furthermore, the trial judge explained the defendant's right to appeal. In explaining *855 the effect of his guilty plea, the trial judge informed the defendant as follows:
If you plead guilty herein, you will accomplish two things. First, you will give up your rights to remain silent and you will become a witness against yourself in that you're going to admit that you are guilty of the crime that you're charged with. Secondly, you're confessing to the crime and telling the Court that, in fact, you did commit the crime with which you are charged. And obviously, I'll add a third one to it, you'll be waiving all these rights that I just read out to you. Do you understand all of that?
Following this explanation, the defendant responded: "Yes. I do."
Although the above-referenced rights were methodically waived, the consideration of whether a defendant's guilty plea was freely and knowingly given does not end with the consideration of these rights. The Louisiana Supreme Court has previously concluded as follows:
It is by now settled law that a guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain, and that bargain is not kept. In such a case a defendant has been denied due process of law because the plea was not given freely and knowingly. State v. Hayes, supra [423 So.2d 1111 (La.1982)]; State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981); State v. Neitte, 363 So.2d 425 (La.1978); State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977).
Dixon, 449 So.2d at 464. Further, "[i]t is well settled that if a defendant's misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there is no ground for invalidating the guilty plea." State v. Hidalgo, 96-403, p. 4 (La.App. 3 Cir. 11/6/96); 684 So.2d 26, 29 (emphasis omitted) (quoting State v. Readoux, 614 So.2d 175, 176 (La. App. 3 Cir.1993)). Neither is a guilty plea rendered involuntary merely because a defendant is dissatisfied with the sentence received. Johnson, 95-626; 666 So.2d 1137.
In the instant matter, the record is unclear as to whether the defendant understood that the State would only recommend that the trial court impose the sentences concurrently rather than consecutively and that the trial court's actions were not limited by that recommendation. This court has previously stated that a trial judge is not bound by a sentence recommendation and, further, "may pronounce any legal sentence it sees fit." State v. Malbroux, 485 So.2d 257, 259 (La. App. 3 Cir.), writ denied, 489 So.2d 1273 (La.1986), appeal after remand, 507 So.2d 319 (La.App. 3 Cir.1987). See also State v. Barnes, 596 So.2d 302 (La.App. 3 Cir.1992).
When the State initially discussed the plea agreement with the trial court at the January 6, 1997 hearing, the following colloquy occurred between counsel and the trial judge:
MR. TROMBLAY [Counsel for the State]: Cornell Landry, docket number 96-337-B. He's going to plead guilty as charged. He's charged by Bill of Information with distribution of cocaine; and, thus defendant, after pleading guilty, will be a second offender because he was sentenced in the early part of November in Division A for a possession with intent to distribute cocaine. And Mr. Guillory and I have reached a plea agreement in this case. He's going to be pleading guilty as charged, and the State is going to recommend that whatever sentence you impose within a five to thirty year range on this defendant would simply run concurrent with the sentence that he received from Judge Genovese in Division A, and that the State will not file a habitual offender bill against this defendant in exchange for his guilty plea. Is that what you had asked?
MR. GUILLORY [Counsel for the defendant]: That's correct.
MR. TROMBLAY: But whatever sentence you choose to impose, you know
THE COURT: It's up to me, but it will run concurrent.
MR. TROMBLAY: Right.
THE COURT: You request that it will run concurrent.
MR. TROMBLAY: In whole or in part, whatever number of years that you determine.
*856 While this portion of the transcript from the proceeding indicates that State could only recommend that the sentences be served concurrently, the remainder of the transcript is not as clear. Rather, the transcript indicates that the trial court turned to other matters and, upon returning to the case sub judice, the following reference to the proposed plea agreement was made by the State:
MR. TROMBLAY: I see that Mr. Landry is in court with his attorney, Elbert Guillory. And as I've informed the Court, the defendant is charged with distribution of cocaine. He is going to be pleading guilty as charged, and the only terms that we've come to are that whatever sentence you impose within the five to thirty year range is going to run concurrent with the sentence that was imposed recently by Judge Genovese in a possession with intent to distribute cocaine case. I believe that was in the early part of November.
MR. GUILLORY: November 7th.
MR. TROMBLAY: On November 7th, and the State will not file a habitual offender bill in exchange for the defendant's guilty plea. That was at the defendant's request.
THE COURT: Just so I can make myself a note to put in the file, what did Judge Genovese give him?
MR. GUILLORY: Five years at hard labor, four years suspended, five years of active supervised probation when he is eligible for parole, a substance abuse program, maintain full employmentwhich he has done and is doingand to maintain his present address. He lives with his family.
Thus, the State referred to the imposition of concurrent terms as an agreement rather than a recommendation. Furthermore, the following exchange between the defendant and the trial judge does not indicate that the defendant was aware that this request did not require the trial judge to follow the recommendation.
Q. All right. This is a plea bargain. As I appreciate the terms of the plea bargain, the CourtI'm sorry, the District Attorney's office is going to recommend that whatever sentence I might impose upon you, that it will run concurrent with whatever sentence was imposed upon you by the judge of Division A. So the first part of the plea bargain is that, while the District Attorney's office is not making any recommendation in terms of how many years, whether it be five years or be more, while the District Attorney's office is not making any recommendation as to how many years, the District Attorney's office is recommending that whatever number of years I impose upon you, they will run concurrent with the number of years that were imposed upon you in Division A. You understand that?
A. Yes, sir.
Q. The other part of the plea bargain, as I appreciate it, is the District Attorney's office is agreeing that they will not file a habitual offender charge against you; do you understand that?
A. Yes, sir.
Q. Now, other than those agreements there, in connection with getting you to enter a plea of guilty, were any other promises of leniency, reward or favor given to you in order to get you to enter a plea of guilty?
A. No, Sir.
Q. Were you threatened, coerced or intimidated by anyone with physical or mental harm in an effort to make you plead guilty?
A. No, Sir.
Q. Are you making this guilty plea of your own free will?
A. Yes, sir.
Q. Do you fully understand that, by pleading guilty, you are giving up all those legal rights which I just discussed with you? Do you understand that, or do you require any further explanation?
A. I understand.
Q. Do you wish to ask me any questions about anything that I've covered with you thus far?
A. No, sir.
Following this discussion, the defendant entered a guilty plea and, pursuant to defendant's request, a pre-sentence investigation *857 was ordered prior to sentencing. At the subsequent sentencing hearing, held on March 14, 1997, neither the State nor the trial judge made reference to the plea agreement. Rather, the following discussion is contained in the record:
MR. GUILLORY: Your Honor, the young man who stands before you experienced one wild time in his youth. Both incidents occurred within the same time frame. He has accepted full responsibility for his behavior, he's been fully cooperative with law enforcement. He stepped off the track and there's no question about it, Judge. The sentence that he is presently serving, the Judge made a specific clause that as much of his sentence that he's serving would be concurrent with as much of the sentence as you would permit it to be. We'd ask that the Court be understanding and lenient in this case and grant a fully concurrent sentence.
THE COURT: What was he sentenced to in the other matter, how many years?
THE DEFENDANT: Five.
THE COURT: Five years?
THE DEFENDANT: He suspended four, one year hard labor.
THE COURT: I'm sorry, and he what?
THE DEFENDANT: Suspended four and gave me one year hard labor.
Thereafter, the court gave the basis for the sentence and sentenced the defendant, in part, as follows:
THE COURT: May the 1st was the date of the offense, not the date of the arrest. In any event, the Court is going to sentence you, Mr. Landry, to ten (10) years at hard labor to run consecutive to any other time which you may be obligated to serve as a result of your first offense in this matter.
Although the trial court clearly advised the defendant of his rights and those rights were clearly waived, the record is unclear as to whether the defendant understood the agreement he was entering into. We are unable to conclude whether the defendant understood that the State could only recommend that a concurrent sentence be imposed and that the trial judge could not be bound by that recommendation.
In the presence of similarly unclear records, the courts of this state have previously remanded the case for an evidentiary hearing as to the terms of the agreement. In Dixon, 449 So.2d 463, the issue was whether the plea agreement included the stipulation that the sentences were going to be concurrent. The supreme court stated that, "[b]ecause of the insufficient record before us, the case must be remanded for an evidentiary hearing." Id. at 465. In State v. Kittlin, 97-92 (La. App. 3 Cir. 6/4/97); 695 So.2d 1137, the issue was whether the plea agreement included the stipulation that the State would not seek to enhance the defendant's sentence under the habitual offender statute. This court stated as follows: "Because we find that it is not clear from the above what the State intended with respect to the habitual offender issue, we remand this case to the trial court for an evidentiary hearing to determine what the parties' [sic] intended with respect to the habitual offender bill." Id. at p. 7; 695 So.2d at 1141. See also, State v. Earnest, 95-1689 (La.App. 3 Cir. 5/8/96); 673 So.2d 1341. These cases recognize that the trial court is in a better position to understand what was agreed upon and clarify the record.
As the record in the present matter indicates that the lack of clarity was not resolved by the trial judge, the case is remanded for an evidentiary hearing to determine whether the defendant understood the terms of the agreement and, accordingly, entered into the plea freely and knowingly.

DECREE
For the foregoing reasons, the case is remanded to the district court with instructions to conduct an evidentiary hearing in order to determine whether the defendant's plea was knowingly and voluntarily made.
REMANDED WITH INSTRUCTIONS.
NOTES
[1] On April 1, 1996, the defendant was convicted in another division of the Twenty-Seventh Judicial District Court for possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A)(1). He was sentenced on November 7, 1996, to serve five years at hard labor with four years suspended, subject to five years active supervised probation and special conditions.
[2] Although the transcript from the hearing is not contained within the record, the Motion to Reconsider Sentence indicates that the defendant requested reconsideration asserting that the sentence imposed is excessive in the presence of mitigating factors.
[3] The defendant did not object to the consecutive sentence at the time of imposition nor does the record indicate that he filed a Motion to Withdraw Guilty Plea in the trial court.