482 So.2d 1090 (1986)
STATE of Louisiana
v.
Gerald J. WILLIAMS.
No. CR85-860.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1986.
Brett Brunson, Bonnette & Brunson, Natchitoches, for defendant-appellant.
Mike Henry, Dist. Atty., Natchitoches, for plaintiff-appellee.
Before GUIDRY, FORET and DOUCET, JJ.
*1091 GUIDRY, Judge.
Defendant, Gerald J. Williams, was charged by bill of information with armed robbery, in violation of La.R.S. 14:64. On June 10, 1985, a twelve-person jury found him guilty as charged. He was sentenced to serve ninety-nine (99) years at hard labor without benefit of parole, probation or suspension of sentence. The defendant appealed his conviction and sentence, urging three (3) assignments of error.

ASSIGNMENTS OF ERROR
1. Trial court erred in refusing to grant the motion for new trial filed herein by defendant.[1]
2. Trial court erred in failing to consider any possible mitigating factors in sentencing defendant.
3. Trial court erred in imposing an excessive sentence on defendant by sentencing him to 99 years imprisonment without parole, probation or suspension of sentence.

FACTS
On April 11, 1985, Jimmy's Grocery Store near the town of Robeline in Natchitoches Parish, Louisiana, was the subject of an armed robbery. Jimmy Cordoway, the victim and proprietor of the store, was working as cashier at the time of the incident. The perpetrator was getting gas for his pickup truck at the store and, when asked for payment, he pulled out a small caliber handgun and demanded all the money in the store.
That same day the defendant was apprehended some 41 miles away at a police road block and placed under arrest for the armed robbery. Based on, among other factors, the eyewitness identification of the victim, the defendant was found guilty as charged.

ASSIGNMENTS OF ERROR NO. 2 AND 3
By these assignments, defendant urges the trial court erred in failing to consider any possible and the mitigating factors in sentencing defendant and the sentence is excessive.
A sentence which falls within the statutory limits may still violate a defendant's right against excessive punishment. La. Const. Art. 1 § 20; State v. Sepulvado, 367 So.2d 762 (La.1979).
La.C.Cr.P. Art. 894.1 was enacted to assist the courts in imposing appropriate sentences. The article provides guidelines where aggravating and mitigating factors are to be considered. This article requires that a trial judge must state for the record those considerations taken into account as well as the factual basis for the sentence imposed. State v. MacDonald, 390 So.2d 1276 (La.1980). It is not necessary that every aggravating and mitigating circumstance enumerated in Article 894.1 be articulated by the trial judge, but the record must reflect that he adequately considered the sentencing guidelines in particularizing the sentence to the defendant.
The transcript of the sentencing in this case abundantly shows the trial judge's compliance with La.C.Cr.P. Art. 894.1. The trial court makes mention that defendant's criminal conduct threatened serious harm; the defendant has a prior history of criminal activity and such conduct was likely to recur; the defendant was not likely to respond to probation; and, imprisonment would not entail excessive hardship to himself or his dependants. Also, it appears clear from the record that the trial judge sufficiently considered the mitigating circumstances enumerated in La.C.Cr.P. Art. 894.1 and simply found that none existed.
Neither is the sentence excessive in relation to the offender and the offense. To determine whether the penalty is grossly disproportionate to the crime, we must consider the punishment and the crime in light of the harm to society caused by its *1092 commission and determine whether the penalty is so disproportionate to the crime as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
This was the defendant's third felony conviction. The defendant was convicted of aggravated assault in 1979 and two counts of simple burglary in 1980. While on probation, he absconded to California where he committed an armed robbery in 1982. After serving approximately three years in prison in California, he was paroled and returned to Red River Parish, Louisiana, where only a few days later he committed the instant armed robbery.
During the course of this crime, the defendant was armed with a loaded pistol and stated to his victim, "I wish you would scream so I could shoot you".
After a careful consideration of these facts, we cannot find that the trial judge abused his discretion by sentencing the defendant to ninety-nine (99) years at hard labor without benefit of parole, probation or suspension of sentence. Therefore, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Assignments of error not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Crawford, 441 So.2d 813 (La.App. 3rd Cir.1983).