FORET, Judge.
Defendant, Grant K. Wiggins, was charged by bill of information with two counts of simple burglary, a violation of LSA-R.S. 14:62. Defendant initially pleaded not guilty but, pursuant to a plea bargain agreement to drop one count, pleaded guilty to one count of simple burglary on April 21, 1986. On June 13, 1986, defendant was sentenced to seven years at hard labor. Defendant now appeals his conviction, arguing that the sentence was excessive.
On September 22, 1985, defendant and another man, Darrell W. Cudd, burglarized the Alexandria Junior High School in Alexandria, Louisiana. Both men were apprehended by local police officers as they exited the building. The two men were charged by separate bills of information.
By assignment of error, defendant alleges that his seven-year sentence for simple burglary is excessive.
Defendant argues that the trial judge did not comply with the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1. Additionally, defendant argues that his sentence is disproportionately higher than comparable simple burglary cases in Rapides Parish and, in particular, that he was sentenced more severely than his co-defendant. The term of imprisonment for the crime of simple burglary is imprisonment with or without hard labor for not more than twelve years, or a fine of not more than $2,000, or both. The record reflects that defendant signed and filed a petition to enter a plea of guilty which acknowledged the statutory penalty for simple burglary.
This Court has fully reviewed the record and finds, that the trial judge adequately followed the sentencing guidelines provided in LSA-C.Cr.P. art. 894.1, and was fully justified in imposing the sentence which he did upon the defendant. As to defendant’s contention that he was more severely sentenced than his co-defendant, we need cite no authority to affirm the trial court’s sentence in that regard. The fact that the other defendant in this case received a lighter sentence than Wiggins is inconsequential according to the well established jurisprudence, in fact so well established as to be axiomatic.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.