540 So.2d 1208 (1989)
STATE of Louisiana, State-Appellee,
v.
Eugene J. CELESTINE, a/k/a Ricky, Defendant-Appellant.
No. CR 88-534.
Court of Appeal of Louisiana, Third Circuit.
March 15, 1989.
Rehearing Denied May 2, 1989.
*1209 J. Lyle DeBellevue, Crowley, for defendant-appellant.
Glenn B. Foreman, Asst. Dist. Atty., Crowley, for State-appellee.
Before STOKER, DOUCET and KNOLL, JJ.
DOUCET, Judge.
On June 3, 1986, appellant, Eugene J. Celestine, was charged by bill of information with armed robbery, a violation of La.R.S. 14:64. On May 27, 1987, appellant entered a plea of guilty to the charge. A motion to withdraw the guilty plea was denied by the trial court. On February 11, 1988, appellant was sentenced to serve thirty years at hard labor without benefit of probation, parole or suspension of sentence. Appellant seeks review of his conviction and sentence based on two assignments of error.
FACTS
On March 24, 1986, a Crowley convenience store was robbed at gunpoint. Investigation by the Acadia Parish Sheriff's Department led to the arrest of appellant, Eugene Celestine, James Jernigan and Frank Fields. It was later determined that Jernigan actually committed the robbery while armed with appellant's gun. Appellant drove the vehicle involved in the incident. In a statement to officers, appellant stated, "James took my gun and robbed Charter Marketing. We all got some of the money."
Relator was charged with armed robbery, a violation of La.R.S. 14:64. Before accepting defendant's guilty plea, the trial judge advised appellant of his right to trial by jury, the privilege against self-incrimination and the right to confrontation. Additionally, the trial judge informed appellant of the nature of the charge, the consequences of a guilty plea and the possible sentencing range to which appellant was exposed. Appellant acknowledged that no sentence was guaranteed in the plea agreement *1210 and that the sentence imposed would be based on a pre-sentence investigation. The guilty plea was accepted after appellant acknowledged a factual basis for the plea. Questioning by the trial judge also established appellant's competency and the lack of coercion in the plea.
During a hearing on the motion to withdraw the guilty plea, appellant argued that the plea was entered without an understanding of the proceedings. Appellant denied guilt to the charge and asserted the plea was entered after coercion by police officers and defense counsel. According to appellant, defense counsel recommended a guilty plea because the state had numerous witnesses prepared to testify at trial.[1] Appellant contended he was confused despite the fact he repeatedly indicated an understanding of the proceedings. In rejecting the motion, the trial judge emphasized that appellant was thoroughly advised of his rights and repeatedly indicated an understanding of the proceedings. The court found the decision to plead guilty to be informed in light of defense counsel's advice concerning witnesses who would be called by the state to testify.
ASSIGNMENT OF ERROR NO. 1:
Appellant argues by this assignment of error that the trial judge erred in denying his motion to withdraw his guilty plea. Appellant alleges the guilty plea was coerced and was not entered with an understanding of its consequences.
La.C.Cr.P. art. 559 states that a trial court may permit a plea of guilty to be withdrawn at any time before the imposition of sentence. The trial court has wide discretion in permitting a guilty plea to be withdrawn, but this discretion may not be exercised arbitrarily. State v. Jenkins, 419 So.2d 463 (La.1982); State v. Compton, 367 So.2d 844 (La.1979). A trial court should allow a plea of guilty to be withdrawn only where facts surrounding the plea render it constitutionally deficient. State v. Alfonso, 496 So.2d 1218 (La.App. 5th Cir.1986), writ denied 501 So.2d 206 (La.1987); State v. Deville, 457 So.2d 864 (La.App. 3rd Cir. 1984).
The transcript of the guilty plea in the instant case reveals that the trial court carefully explained to appellant the rights waived by the guilty plea, the consequences of the plea, the sentencing exposure faced by appellant, and specified the factual basis of the plea. Appellant was represented by appointed counsel, indicated counsel had explained his rights, and expressed satisfaction with his attorney. Appellant possesses a high school education. He repeatedly and unequivocally stated he understood the proceedings and desired to enter the guilty plea. Therefore, there appears to be no constitutional deficiency in the guilty plea. State v. Bowick, 403 So.2d 673 (La.1981).
The guilty plea is not made less voluntary or less informed by the considered advice of appointed counsel in the absence of fraud, intimidation or incompetency. State v. Jones, 484 So.2d 933 (La. App. 1st Cir.1986). In the instant case, it is apparent that defense counsel recommended a guilty plea in the face of numerous state witnesses who were to testify against appellant. Under the circumstances, there appears to be no intimidation or incompetency in counsel's recommendation of a guilty plea.
For the reasons stated, the trial court's action was not an arbitrary exercise of the broad discretion afforded the court in permitting the withdrawal of a guilty plea. Therefore, this assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 2:
By this assignment of error, appellant argues the sentence imposed by the trial judge was excessive. Appellant contends a thirty year sentence without benefit of probation, parole or suspension of sentence on a conviction for armed robbery is excessive in light of his limited role in the crime and the significantly more lenient penalties imposed on his co-defendants.
*1211 La.C.Cr.P. art. 894.1 provides criteria for consideration in determining whether a sentence is excessive and mandates that the "trial court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." State v. Cox, 369 So. 2d 118 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979). The sentencing judge need not articulate every mitigating and aggravating circumstance, however, the record should reflect that the sentencing judge considered the guidelines in particularizing the sentence. State v. Aucoin, 500 So.2d 921 (La.App. 3rd Cir.1987). Failure to adequately comply with art. 894.1 does not necessitate vacating the sentence or warrant a remand for resentencing if the record illumines and supports the sentencing choice. State v. Smith, 430 So.2d 31 (La.1983). A sentence imposed by the trial court which falls within statutory limitations may still be unconstitutionally excessive. State v. Sepulvado, supra. A sentence is deemed excessive if it: (1) makes no measurable contribution to acceptable penal goals and therefore is nothing more than a purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Cann, 471 So.2d 701 (La.1985); State v. Landry, 502 So.2d 281 (La.App. 3rd Cir.1987), writ denied 508 So.2d 63 (La. 1987). There is no requirement that co-defendants receive equal sentences and a sentence greater than one received by another defendant for the same criminal conduct does not render the sentence unconstitutional. State v. Raby, 487 So.2d 1286 (La. App. 3rd Cir.1986), writ denied 493 So.2d 634 (La.1986); State v. Cook, 465 So.2d 825 (La.App. 2nd Cir.1985), writ denied 467 So. 2d 532 (La.1985). The imposition of a more lenient sentence on a co-defendant is inconsequential in excessive sentence analysis because the sentence need only be particularized according to the individualized circumstances of the offender and the offense. State v. Hutchins, 502 So.2d 606 (La.App. 3rd Cir.1987); State v. Wiggins, 502 So.2d 292 (La.App. 3rd Cir.1987). The trial court is given wide discretion in imposing sentence and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The sentencing transcript in the instant case establishes compliance with the guidelines of art. 894.1. After considering personal factors, the trial judge concluded no mitigating factors existed. The judge noted that the conviction for armed robbery precluded a probated sentence. In imposing the thirty year term to be served without benefit of probation, parole or suspension of sentence, the judge reasoned the crime threatened serious harm and was committed without provocation or grounds tending to excuse the conduct. The judge noted no restitution was made to the crime victim. The pre-sentence investigation revealed appellant had prior convictions for simple robbery and armed robbery of other grocery stores. Appellant was twice arrested on felony theft charges which were never prosecuted. At the time of his arrest, appellant was wanted in Texas for felony theft and unauthorized use charges. Based on this record, the judge concluded appellant's dangerous criminal conduct was likely to recur, that appellant was in need of correctional treatment and any lesser sentence would deprecate the severity of the offense. Based on the aforementioned factors, the trial judge opined that appellant's tendency to perpetrate serious crimes justified an extended period of incarceration.
In the instant case, appellant was exposed to a potential incarceration of ninety-nine years, without benefit of parole, probation or suspension of sentence. Although the sentence imposed is for a considerable period of time, it is within the lower one-third range of alternatives. Based on the individualized facts of the offender and the offense, the sentence imposed appears to be supported by the record and does not constitute an abuse of discretion. The prison term is not needless and purposeless, but is rather aimed at negating the opportunity of a person with a marked proclivity for crime to commit serious *1212 crimes in the future.[2] The sentence is not out of proportion to the severity of the crime nor does it shock our sense of justice.
For these reasons, this assignment of error is without merit.
Accordingly, for the reasons assigned, the conviction and sentence of the defendant is affirmed.
AFFIRMED.
NOTES
[1] Each of appellant's co-defendants had entered pleas of guilty prior to the guilty plea hearing.
[2] In State v. Williams, 482 So.2d 1090 (La.App. 3rd Cir.1986), this court affirmed the maximum statutory penalty for a defendant convicted of armed robbery. The defendant had previous convictions for aggravated assault, simple burglary, and armed robbery.