715 So.2d 507 (1998)
STATE of Louisiana, Appellee,
v.
Anthony HARDAWAY, Defendant-Appellant.
No. 98-104.
Court of Appeal of Louisiana, Third Circuit.
June 3, 1998.
*508 Robert Richard Bryant, Jr., Mike K. Stratton, Lake Charles, for State.
Lawrence Charles Billeaud, Lafayette, for Anthony Hardaway.
Before DOUCET, C.J., and DECUIR and AMY, JJ.
DOUCET, Chief Judge.
On February 24, 1997, Defendant, Anthony Hardaway, was charged by bill of information with one count of armed robbery, a violation of La.R.S. 14:64. On May 14, 1997, the bill of information was amended charging Defendant with two counts of armed robbery. Defendant entered a plea of not guilty and requested a jury trial. The trial court ordered the trial fixed for June 9, 1997. On that day, Defendant filed a motion for a continuance. Thereafter, on June 18, 1997, under a plea agreement in which the State agreed not to prosecute Defendant as a habitual offender and to recommend sentences of twenty-five years without benefits, Defendant withdrew his not guilty plea and entered a plea of guilty. On September 25, 1997, at sentencing, Defendant sought to withdraw his guilty plea. The trial judge denied Defendant's request and sentenced him to the statutory maximum of 99 years at hard labor on each count, without the benefit of parole, probation, or suspension of sentence, to run consecutively. Credit for time served was given. On October 13, 1997, Defendant filed a Motion to Reconsider Sentence. That was denied without a hearing. Defendant now appeals his conviction and sentence.

FACTS
On December 7, 1996, Defendant entered the Walgreen Drug Store located at 300 Eighteenth Street in Lake Charles, Louisiana. He pulled a revolver on the manager, instructed him to open the safe, and robbed the store of a large sum of money. Defendant also demanded and received the video surveillance tape.
Approximately one week later, on December 15, 1996, Defendant entered the K & B Drug Store located at 3402 Fifth Avenue in Lake Charles, Louisiana. He pulled a revolver on the night manager, instructed him to open the safe, and robbed the store of a large sum of money. Defendant demanded and received the video surveillance tape.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by the court for errors patent on the face of the record. While our review reveals no errors patent, we find one issue which warrants discussion.
The trial court informed the Defendant of the three-year period for filing post-conviction relief at the time of the guilty plea rather than at the time of sentencing as required by La.Code Crim.P. art. 930.8. This same situation was addressed by this court in State v. Green, 94-618, pp. 8-9 (La. App. 3 Cir. 12/7/94); 647 So.2d 536, 541, where we stated as follows:

*509 The minutes reflect that the trial judge informed the defendant of the three year prescriptive period for filing post-conviction relief at the time of the guilty plea rather than at the time of sentencing as required by La.C.Cr.P. Art. 930.8. The three year prescriptive period does not begin to run until the judgment is final under either La.C.Cr.P. Art. 914 or Art. 922, so prescription is not yet running. Apparently, the purpose of this notice is to inform the defendant of the prescriptive period in advance. We find that the notice defendant received at the time of his guilty plea is sufficient; however, out of an abundance of caution, we will nonetheless ask that the district court inform the defendant of La.C.Cr.P. Art. 930.8 by sending appropriate written notice within 10 days of the rendition of this opinion and file written proof that the defendant received notice in the record of these proceedings.
We will follow the same course here.

ASSIGNMENT OF ERROR NO. 1
In his first assignment, Defendant complains that the trial court committed manifest error by sentencing him to constitutionally excessive sentences.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983); State v. McCray, 28,531 (La. App. 2d Cir. 8/21/96), 679 So.2d 543. The trial judge is not required to list every aggravating or mitigating circumstance, but need only state for the record the considerations taken into account and the factual basis for the sentence imposed. State v. Smith, supra; State v. McCray, supra. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions.
Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.), writ denied, 521 So.2d 1143 (1988); State v. Bradford, 29,519 (La. App. 2d Cir. 4/2/97), 691 So.2d 864.
State v. Delaughter, 29,974, pp. 2-3 (La.App. 2 Cir. 12/10/97); 703 So.2d 1364, 1367.
The transcript of Defendant's sentencing proceeding reveals the Defendant's age was 38 years and eleven months at that time. It was also brought out that the State of Georgia had a hold on the Defendant. The trial judge stated that she found Mr. Hardaway was in need of a custodial environment and that there was an undue risk that he would commit another crime if not confined. She stated that she "reviewed the aggravating and mitigating circumstances." The aggravating circumstances included threats to the victims of physical violence, the perceived risks of death or great bodily harm expressed by the victims, and the use of a firearm. The Defendant's presentence investigation report (PSI) established that Defendant was divorced and had no children, and showed no work history. The trial judge stated that although Defendant's PSI revealed Defendant had experienced a "terrible childhood," that "there comes a point in your life ... where you take responsibility for your actions." She particularly pointed out Defendant's extensive criminal record, dating back to 1976, and the fact that even as the Defendant was being sentenced, he was wanted on armed robbery charges in Acadia, Jeff Davis, and Lafayette Parishes. We note that during sentencing Defendant repeatedly broke into the trial judge's colloquy, and that he cursed and threatened the district attorney and his family.
The second prong or question in an excessiveness inquiry is whether the sentence imposed is unconstitutionally excessive. Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. To determine whether a particular *510 sentence is excessive, the reviewing court must decide whether it is so disproportionate to the severity of the crime as to shock the sense of justice. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
As a general rule, maximum sentences are reserved for the worst offenders and the worst offenses.
Id., at pp. 5-6; 1368 (citations omitted).
It is clear from the Defendant's record that he is predisposed to committing armed robberies. He had either pled guilty or been convicted of four armed robberies before the pleas entered herein and he had at least three other armed robbery charges still pending. He was also wanted by the State of Georgia for probation violations. It is well settled that
A trial judge has broad sentencing discretion because he or she remains in the best position to assess the aggravating and mitigating circumstances presented by each case. State v. Smith, 93-0402, p. 7-8 (La.7/5/94), 639 So.2d 237, 242 (on reh'g) (reh'g denied).... The only relevant question on review, however, was "whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate." State v. Humphrey, 445 So.2d 1155, 1165 (La. 1984) (citing State v. Williams, 412 So.2d 1327 (La.1982)).
State v. Cook, 95-2784, pp. 2-3 (La.5/31/96); 674 So.2d 957, 958-959.
Considering the totality of the circumstances presented herein, we find no abuse by the trial court of its broad sentencing discretion. Clearly, as to armed robberies, this Defendant can be considered one of the worst offenders.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 2
In his second assignment, Defendant argues the trial court committed manifest error by refusing to allow him to withdraw his guilty plea prior to sentencing.
Defendant argues he was not given an opportunity to explain his reasons for wanting to withdraw his guilty plea. He contends he should be granted an evidentiary hearing in order to explain his reasons for his motion to withdraw his guilty plea.
La. Code Crim.P. art. 559(A) states: A. The court may permit a plea of guilty to be withdrawn at any time before sentence. Further, State v. Celestine, 540 So.2d 1208 (La.App. 3 Cir.1989), expounds upon Article 559, explaining:
La.C.Cr.P. art. 559 states that a trial court may permit a plea of guilty to be withdrawn at any time before the imposition of sentence. The trial court has wide discretion in permitting a guilty plea to be withdrawn, but this discretion may not be exercised arbitrarily. State v. Jenkins, 419 So.2d 463 (La.1982); State v. Compton, 367 So.2d 844 (La.1979). A trial court should allow a plea of guilty to be withdrawn only where facts surrounding the plea render it constitutionally deficient. State v. Alfonso, 496 So.2d 1218 (La.App. 5 Cir.1986), writ denied 501 So.2d 206 (La. 1987); State v. Deville, 457 So.2d 864 (La. App. 3 Cir.1984).
Id. at 1210 (emphasis added).
In the instant matter the transcript of the plea proceedings reveals a meticulous, careful colloquy, with the trial judge specifically and thoroughly questioning Defendant at every crucial constitutional turn, including an exceptionally well-covered three-right articulation. The trial judge clearly explained to Defendant that he had a right against compulsory self-incrimination, right to a trial by jury, and the right to confront his accusers. However, the trial judge went further than just this triad of rights. She informed Defendant of the penalty range on each count and that it was without benefit of parole, probation or suspension of sentence. She also informed him that she understood there was a recommendation but stated, "[a]ll I want to do is tell you that I can give you whatsomething less, something more if I think the facts warrant it. I don't have to give you the recommendation." She then asked if he understood and he responded, "yes." Furthermore, she informed him if he *511 chose to go to trial he had a right to appeal and that he had the right to counsel at all times. He stated he understood these rights and he was willing to waive them. After this, the trial judge questioned Defendant further:
THE COURT:
Has anyone forced you, coerced you, or threatened you to enter this plea of guilty?
THE DEFENDANT:
No, they haven't.
THE COURT:
Are you entering it of your own free will?
THE DEFENDANT:
My own volition.
Then, the prosecutor gave the facts surrounding the offense and Defendant stated that the facts given were correct. The trial judge went over Defendant's rights to assure Defendant knew what his rights were and that he appreciated what a guilty plea meant. It is clear from the record that Defendant knowingly and voluntarily pleaded guilty to the two counts of armed robbery.
Defendant asserted at sentencing that he had a right to a trial by jury under the Sixth Amendment to the United States Constitution and that, under La.Code Crim.P. art. 559, he had a right to withdraw his guilty plea prior to sentencing. However, constitutional rights may be waived by a valid plea. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A plea of guilty is more than a confession, it is itself a conviction, and it should be afforded a great measure of finality. State v. Wilburn, 591 So.2d 1255, 1256 (La.App. 3 Cir.1991) writ denied, 613 So.2d 970 (La.1993); State v. Bosworth, 451 So.2d 1070 (La.1984). Furthermore, Article 559 states the trial court may permit a withdrawal prior to sentencing.
Neither at the sentencing proceeding nor, here, on appeal does Defendant assert any basis, constitutional or otherwise, for wanting to withdraw his guilty plea. All Defendant asserts is that he wants a hearing in order to explain why he wants to withdraw his guilty plea.
In State v. Green, 94-618, p. 4 (La.App. 3 Cir. 12/7/94); 647 So.2d 536, 538-539 (emphasis added), this court stated:
If a motion for withdrawal of a guilty plea contains specific allegations that the guilty plea was involuntary, the Boykin colloquy was defective, there was a breach of the plea bargain agreement, or some other specific allegation that the plea is constitutionally infirm, the trial court should vacate the plea or conduct a hearing on the matter. State v. Parker, 581 So.2d 314 (La.App. 1 Cir.1991).
Further, in State v. Johnson, 95-626, p. 4 (La.App. 3 Cir. 12/13/95); 666 So.2d 1137, 1140, writ denied, 96-0156 (La.4/19/96); 671 So.2d 925, this court held:
When the record establishes that a defendant was informed of and waived the privilege against self-incrimination and the right to confrontation and trial by jury, the burden then shifts to the defendant to prove that nevertheless, her guilty plea was constitutionally infirm. State v. Bradford, 627 So.2d 781 (La.App. 2 Cir.1993), writ denied, 94-0006 (La.04/22/94); 637 So.2d 154.
In the case sub judice, Defendant has presented nothing in the way of even tending to demonstrate he did not voluntarily plead guilty. As such, given the wide discretion the judge possesses in deciding whether to permit the withdrawal of the plea, we find this assignment of error is also without merit.
Accordingly, for the reasons stated above, Defendant's conviction and sentences are affirmed. The case is remanded and the district court ordered to inform the Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of the proceedings.
AFFIRMED; REMANDED WITH INSTRUCTIONS.
AMY, J., concurs and assigns reasons.
*512 AMY, Judge, concurring.
Like the majority I conclude that both the defendant's conviction and sentence should be affirmed. However, I concur in the decision as it relates to review of the defendant's sentence for excessiveness. I do so as the instant matter involved a plea agreement. La.Code Crim.P. art. 881.2(A)(2) prohibits a defendant from appealing or seeking review "of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Accordingly, consideration of Article 881.2(A)(2) is due in order to determine whether we may review the merits of the defendant's appeal as it relates to his sentence. However, in my opinion, the statutory language of the article does not clearly indicate whether the provision is applicable under circumstances like those in the present case.
The defendant in this matter was charged with two counts of armed robbery. Each of these counts exposed the defendant to a possible ninety-nine-year sentence. In exchange for the defendant's guilty plea to the two charged offenses, the State agreed to not file an habitual offender bill against the defendant and, additionally, recommend that the defendant be given a twenty-five-year sentence. Thus, with the agreement not to file the habitual offender bill, the defendant limited his possible sentencing exposure. Viewed in this way, the defendant's agreement can be seen to be a sentencing cap, which has previously been determined to prevent review of the sentence pursuant to Article 881.2(A)(2). State v. Young, 96-0195 (La.10/15/96); 680 So.2d 1171.
Seen in one light, the sentence was imposed in conformity with the plea agreement since the agreement consisted of a guilty plea in exchange for the refusal to file an habitual offender bill and a recommendation of a twenty-five-year sentence. As each of the required elements of the agreement was performed by the parties, the agreement was fulfilled. However, the court did not accept the recommended sentence, but, rather, sentenced the defendant to the statutory maximum for each of the defendant's convictions. Of course, it is well settled that it is within the discretion of the trial court to either accept or reject a sentencing recommendation. State v. Rios, 95-00961 (La.App. 3 Cir. 3/6/96); 670 So.2d 708. However, when consideration is given to the fact that the trial court's sentence differed from that recommended, the question arises whether review of the defendant's sentence would be precluded by Article 881.2(A)(2).
As Article 881.2(A)(2) is subject to various interpretations under circumstances such as those now before us, I conclude that, in the interests of justice, review of the defendant's sentence is appropriate. Having reviewed the sentence for excessiveness, I agree with the majority that it is not excessive. Therefore, I respectfully concur in the result reached by the majority.