771 So.2d 198 (2000)
STATE of Louisiana
v.
Geary SENTERFITT.
No. CR00-415.
Court of Appeal of Louisiana, Third Circuit.
September 27, 2000.
*199 Lori Ann Landry, Assistant District Attorney, New Iberia, Louisiana, Counsel for State/Appellee.
Thomas E. Guilbeau, Lafayette, Louisiana, Counsel for Defendant/Appellant.
(Court composed of Judge BILLIE COLOMBARO WOODARD, Judge OSWALD A. DECUIR, and Judge JIMMIE C. PETERS).
WOODARD, Judge.
Mr. Geary Senterfitt pled guilty to simple kidnapping, in violation of La.R.S. 14:45(A)(1). He urges that he did not enter into his guilty plea freely and voluntarily because there was a breach of the plea agreement and/or he was not aware of the repercussions of the guilty plea. Thus, he claims that the trial court abused its discretion and committed reversible error when it refused to permit him to withdraw the plea. We affirm.
On December 26, 1997, Mr. Senterfitt went to his ex-girlfriend's house and moved her from one place to another without her consent. The State filed a bill of information on March 27, 1998, charging him with sexual battery, in violation of La.R.S. 14:43.1. He pled not guilty on April 9, 1998. On the eve of trial, he entered into a plea agreement with the State. The State amended the bill of information on September 14, 1999 to simple kidnapping, in violation of La.R.S. 14:45(A)(1). Represented by counsel, he withdrew his former plea and pled guilty to the amended charge with an agreed sentencing cap of three years imprisonment. He wrote a pro se letter, dated September 16, 1999, to the trial court, requesting that he be allowed to withdraw his guilty plea. He also filed a motion to withdraw plea on September 17, 1999. His counsel filed another motion to withdraw plea on September 20, 1999.
After a hearing held on October 18, 1999, the trial court denied his motion to withdraw his guilty plea and sentenced him to three years at hard labor without credit for good time. He filed a motion to reconsider his sentence on November 8, 1999, and the trial court denied it on November 10, 1999. Mr. Senterfitt now appeals.

LAW

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. There are none.

WITHDRAWAL OF PLEA
Mr. Senterfitt contends that the trial court abused its discretion and committed reversible error by denying his motion to withdraw his plea because the plea was not voluntary due to his lack of knowledge of the repercussions of his guilty plea. He argues that his plea was induced by the misrepresentation and/or incompetence of his attorney and that his counsel never informed him that if he entered into a plea agreement with a sentencing cap that he could not appeal his sentence.
The transcript of the plea reveals that he attended a technical college for four years and spent twenty-seven years working in the oilfield. At the plea entry proceeding, he said that he had sufficient time with his attorney to understand the terms of the plea agreement. His counsel told *200 the trial court that he had explained the agreement to him.
The plea colloquy continued as follows:
BY THE COURT:
I will, of course, proceed to explain it myself, but I want to verify that you've had enough counsel to proceed at this time.
The agreement with the State is that you will enter a plea of guilty to the charge of simple kidnapping and I will set sentencing for Monday, at which time I will hear anything anyone wants to tell me about you in aggravation and mitigation for an appropriate sentence, but will agree that the sentence will not exceed three years, a cap of three. Is that your understanding of the plea, Mr. Senterfitt?
A. I didn't know that it was three years, Your Honor.
Q. It's not more than three years. I would sentence you up to three years, but it would be no more.
A. Ma'am?
Q. It will be no more than three. I'm making an agreement that even though the offense of simple kidnapping carries a penalty of five years, I have agreed that I will cap the sentence that you could receive for this charge at three, and I may sentence you to anything below that, and there is no restriction on suspensions, et cetera, in that particular statute. But all I'm saying is the top, the roof on the whole thing, is three years.
A. Your Honor, this doesn't look good. With all respect to Mr. Spears, I respect him and I like him, but I own a business. If I do three years
Q. Sir, if you don'tI'm not saying you're going to do three. I'm saying that is the most I would give you. Your plea for mercy comes on Monday, but right now we either go on with the trial or we take this deal now. I mean, I've got a jury waiting. We've already been through that part. We're ready to go. We can go forward now under the original charge, or we can enter this plea agreement where I'm telling you that on Monday I will sentence you and give you no more than three for sure, but I'm not telling you how much I would give you or how much I would suspend. That depends on yourI know nothing about you, but I will on Monday.
BY MR. SPEARS:
Can I have about fifteen seconds to speak to Mr. Senterfitt, Your Honor?
BY THE COURT:
Okay.
(Interruption in proceedings).
After he spoke with his attorney, Mr. Senterfitt confirmed that he understood the plea agreement. The trial court then read the bill of information, the statute and penalty for simple kidnapping, and explained the three-year sentencing cap. He said that he understood. The record reveals that the trial court explained his right to plead not guilty, right to counsel, right to jury trial, right to confront witnesses, and his right against self-incrimination. He said that he understood by pleading guilty that he would surrender those rights and authorized the court to sentence him up to three years in prison. The trial court asked him and his attorney if any promises or threats had been made to induce him to plead guilty. Both said no.
He pled guilty. He admitted that he went to the home of the victim in Iberia Parish and moved her from one place to another, without her consent, and that an assault took place while he was in the victim's residence. Following entry of his guilty plea, he sought to withdraw it prior to sentencing. He filed a motion to withdraw plea alleging, in part, that he was not advised of his appeal rights and, therefore, did not enter a voluntary guilty plea. After a hearing, the trial court denied his motion and sentenced him to three years at hard labor without benefit of good time.
*201 At the hearing on his motion to withdraw his plea, held on October 18, 1999, the forty-seven-year-old testified that although his attorney had explained the plea bargain and sentencing cap to him, he did not tell him that he could not appeal his sentence and that the trial court had failed to explain his appeal rights to him as well. He said that he was unaware that when he pled guilty, he could not appeal his sentence.
After he pled guilty, he stated that he told his attorney that he wanted to withdraw his plea; that "I didn't realize the continuing circumstances that I'd lose my business. After talking with Ms. Miller, the Office Manager that's in charge of finances, with me not there running the business, I had no knowledge we would go under. He told me the chances were that he had it worked out with the Judge." Counsel told him to get a second opinion. The following day, he met with another attorney who told him, for the first time, that he could not appeal a sentence with a sentencing cap. After unsuccessfully trying to contact his attorney, he wrote a letter to the trial court stating that he wanted to withdraw his plea. The letter was filed on September 17, 1999, along with his pro se motion to withdraw plea. Then, he obtained the services of a new attorney. On September 20, 1999, his new counsel filed another motion to withdraw his plea.
On cross examination at the hearing on his motion to withdraw his plea, he testified that he was under a lot of stress when he pled guilty and that he did not remember waiving his right to a jury trial, among other things. He remarked that he was under the impression that the most punishment he would receive was house arrest or something similar, although he admitted that he understood that he could be sentenced up to three years. He explained that when he pled guilty he did not realize that his business would be in trouble, because he did not think of the consequences. The trial court denied his motion, stating that he was clearly told he could be sentenced up to three years.
Under La.Code Crim.P. art. 559, the trial court can permit a guilty plea to be withdrawn at any time prior to sentencing. The court's denial of the motion to withdraw a plea can be reversed only when it is shown that the court abused its discretion.[1] Citing this court's cases of State v. Malmay,[2]State v. Jones,[3] and State v. Readoux[4] in its brief, the State argues that it is well settled that if a defendant's misunderstanding of the plea is not induced by the state's representations, the plea is valid. We note that this court has held that if a motion for the withdrawal of a guilty plea specifically alleges that a guilty plea was involuntary or otherwise constitutionally infirm, the trial court should vacate the plea or conduct a hearing on the matter.[5] In the instant case, the trial court gave Mr. Senterfitt a hearing on his motion to withdraw his plea.
The question before the court is whether his guilty plea was invalid because it was not freely and voluntarily made. The transcript of his plea indicates that he was properly advised of his Boykin rights and that he waived them. "When the record establishes that a defendant was informed of and waived the privilege against self-incrimination and the right to confrontation and trial by jury, then the burden shifts to the defendant to prove that nevertheless, her guilty plea was constitutionally infirm."[6]
*202 At the hearing on the motion to withdraw his plea, Mr. Senterfitt testified that his attorney had not told him that he could not appeal a sentence which had been imposed with a sentencing cap. No one called his attorney to testify at the hearing, and there is no mention in the plea transcript that the trial court addressed his appeal rights or that Mr. Senterfitt waived them.
The first inquiry that must be made in resolving his allegation is whether by entry of his guilty plea he waived his right to appeal his sentence. A plea bargain existed with a sentencing cap. Consequently, in accordance with La.Code Crim. P. art. 881.2(A)(2) as interpreted by State v. Young,[7] Mr. Senterfitt is precluded from appealing his three-year sentence. The next inquiry is whether his lack of knowledge of this fact affected the voluntariness of the plea. We found no statutory or jurisprudential authority requiring a defendant to specifically waive his right to appeal before a valid guilty plea can be entered.[8] To the contrary, the first circuit held in State v. Sorenson,[9] that "[p]resently, there is no legal requirement that a trial court obtain a waiver of the right to judicial review as a prerequisite to the applicability of the rule of article 881.2(A)(2)." Therefore, we hold that the trial court was not required to advise him that he could not appeal his sentence nor was he required to obtain a waiver of his right to appeal. The Defendant bore the burden of proving that he had not voluntarily entered his plea. Mr. Senterfitt's testimony that his attorney did not inform him that if he pled guilty, as part of a plea bargain with a sentencing cap, he would not be able to appeal his sentence was uncontroverted. However, that fact, alone, does not necessarily lead to the conclusion that he did not knowingly and intelligently make his plea.
Courts must determine the voluntariness of a guilty plea according to the factors existing at the time it was entered. Voluntariness involves more than an understanding and waiver of the three Boykin rights. The court must look to the plea colloquy and may look at other factors which have a bearing on the knowing and intelligent entry of the plea.[10]
Mr. Senterfitt testified at the hearing that he thought that his sentence would be house arrest, at most, and that he first decided to withdraw his plea after he learned that he would probably lose his business if he received the maximum three years imprisonment in conformity with the plea agreement. However, "a misunderstanding between counsel and defendant does not have the same implication as a breached plea bargain and does not render the guilty plea not `free and voluntary;'"[11] nor is dissatisfaction with the sentence or expected sentence after sentencing sufficient to invalidate a guilty plea if the plea was entered into on advice of competent counsel and there is no indication that a plea agreement had been broken.[12]
The standard of review of this issue on appeal is abuse of discretion. Therefore, *203 based on the hearing transcript, we find that Mr. Senterfitt did not prove that he had not knowingly and intelligently entered his plea. Further, since there is no requirement that the court should have advised him that he would waive his right to appeal his sentence the trial court did not abuse its discretion in denying his motion to withdraw his guilty plea. This assignment of error is without merit.

CONCLUSION
The trial court did not abuse its discretion in denying Mr. Senterfitt's motion to withdraw his guilty plea. We affirm.
AFFIRMED.
NOTES
[1] State v. Jones, 546 So.2d 1343 (La.App. 3 Cir.1989).
[2] 548 So.2d 71 (La.App. 3 Cir.1989).
[3] 546 So.2d 1343 (La.App. 3 Cir.1989).
[4] 614 So.2d 175 (La.App. 3 Cir.1993).
[5] State v. Hardaway, 98-104 (La.App. 3 Cir. 6/3/98); 715 So.2d 507, writ denied, 98-1888 (La.11/13/98); 730 So.2d 930, (quoting State v. Green, 94-618 (La.App. 3 Cir. 12/7/94); 647 So.2d 536).
[6] Hardaway, 715 So.2d at 511, (citing State v. Bradford, 627 So.2d 781 (La.App. 2 Cir.1993), writ denied, 94-6 (La.4/22/94); 637 So.2d 154).
[7] 96-195 (La.10/15/96); 680 So.2d 1171.
[8] See La.Code Crim.P. art. 881.2 and La.Code Crim.P. art. 556.1.
[9] 98-520 (La.App. 1 Cir. 12/28/98); 725 So.2d 604, 606.
[10] State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Galliano, 396 So.2d 1288 (La.1981).
[11] State v. Johnson, 533 So.2d 1288, 1292 (La.App. 3 Cir.1988), writ denied, 563 So.2d 873 (La.1990), (citing State v. Dunn, 408 So.2d 1319 (La.1982)).
[12] State v. Clark, 414 So.2d 369 (La.1982), (citing State v. Boatright, 406 So.2d 163 (La. 1981)).