NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-0924

STATE OF LOUISIANA

VERSUS

DARON BARNETTE CAIN

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 120,061
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Billy H. Ezell, Judges.

AFFIRMED AS AMENDED.

Alan P. Haney
Assistant District Attorney
Fifteenth Judicial District
P. O. Box 3306
Lafayette, LA 70502
(337) 232-5170
COUNSEL FOR APPELLEE:
    State of Louisiana

Carey J. Ellis, III
Louisiana Appellate Project
P. O. Box 719
Rayville, LA 71269
(318) 728-2043
COUNSEL FOR DEFENDANT/APPELLANT:
    Daron Barnette Cain

PETERS, J.

On July 24, 2008, the State of Louisiana (state) charged the defendant, Daron Barnette Cain, by bill of information with two counts of simple robbery, violations of La.R.S. 14:65. The defendant initially pled not guilty to both charges, but on May 20, 2009, the defendant entered into a plea agreement with the state and changed his plea to guilty. As a part of the plea agreement, the state filed a bill of information during the May 20 hearing charging the defendant under La.R.S. 15:529.1 as an habitual offender, and the defendant acknowledged his status as a second felony offender to the trial court. The particulars of the sentence agreed to in the plea agreement involved both the initial charges and the habitual offender charge. In exchange for the guilty pleas to the two charges and the acknowledgment of his habitual offender status, the state agreed to recommend that the defendant be sentenced to serve six years at hard labor on each count of the underlying charges, with the sentences to run consecutive to one another. Additionally, once the trial court vacated that sentence because of the defendant's subsequent acknowledgment of his habitual offender status, the state would recommend that he be sentenced to serve twelve years at hard labor on each count, with the sentences to run without the benefit of probation, parole, or suspension of sentence, but concurrent to one another. The trial court accepted the state's recommendation and sentenced the defendant accordingly. In his single assignment of error, the defendant asserts that the sentences imposed are excessive.

The bill of information charged that the defendant twice committed the offense of simple robbery in that he robbed Crystal Lando on or about May 9, 2008, and Brenda Moreau on or about May 21, 2008. The defendant does not assert that he did not commit these offenses, only that the ultimate sentences are excessive.

We reject the defendant's appeal because "[t]he defendant cannot appeal or

seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at that time of the plea." La.Crim.Code art. 881.2(A)(2). In this case, the record establishes that the plea agreement was clearly set forth in the record at the time the defendant entered his plea.

Notwithstanding the provisions of Article 881.2(A)(2), the defendant asserts that he did not intelligently waive his right to seek appellate review of his sentence. Specifically, he argues that the trial court failed to advise him that he waived the right to seek review of his sentence, while at the same time it advised him of his right to seek post-conviction relief of his conviction and sentence.

We addressed a similar issue in *State v. Senterfitt,* 00-415 (La.App. 3 Cir. 9/27/00), 771 So.2d 198, *writ denied*, 00-2980 (La. 9/28/01), 798 So.2d 107. There, the defendant challenged the validity of his guilty plea on the basis that he was not informed he was precluded from seeking review of his sentence which was imposed in conformity with the sentencing cap included in the plea agreement. This court held in pertinent part:

> [T]he first circuit held in *State v. Sorenson* that "[p]resently, there is no legal requirement that a trial court obtain a waiver of the right to judicial review as a prerequisite to the applicability of the rule of article 881.2(A)(2)." Therefore, we hold that the trial court was not required to advise him that he could not appeal his sentence nor was he required to obtain a waiver of his right to appeal.

*Id.* at 202 (footnote omitted) (second alteration in original).

We find no merit in the defendant's argument.

We do, nonetheless, find that the defendant is entitled to some relief. While we cannot review the sentence imposed for excessiveness, we are required by La.Code Crim.P. art. 920 to review all appeals for errors patent on the face of the record. After reviewing the record, we find one error that affects the sentence imposed.

Although La.R.S. 15:529.1(G) requires all enhanced sentences to be imposed

2

without benefit of probation or suspension of sentence, it does not authorize the trial court to impose enhanced sentences without benefit of parole unless the underlying statute provides for no parole eligibility. *See State v. Tate*, 99-1483 (La. 11/24/99), 747 So.2d 519. The penalty provision found in La.R.S. 14:65, which is the underlying statute, does not authorize the trial court to impose any portion of the sentence without benefit of parole. Therefore, the trial court improperly denied parole eligibility.

We amend the defendant's sentence to delete the denial of parole eligibility and instruct the trial court to make an entry in the minutes reflecting this change. *State v. Dossman,* 06-449, 06-450 (La.App. 3 Cir. 9/27/06), 940 So.2d 876, *writ denied*, 06-2683 (La. 6/1/07), 957 So.2d 174.

## DISPOSITION

We amend the defendant's sentence to delete the denial of parole eligibility and instruct the trial court to make an entry in the trial court minutes reflecting this amendment. We affirm the trial court sentence in all other respects.

**AFFIRMED AS AMENDED.**

**This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.**

3