# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**11-40**


**STATE OF LOUISIANA**

**VERSUS**

**HARRISON THIBEAUX**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 10-173
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**SHANNON J. GREMILLION**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Hon. J. Phillip Haney**
**District Attorney, Sixteenth Judicial District**
**Walter J. Senette, Jr., Assistant District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, LA 70560**
**(337) 369-4420**
**Counsel for Appellee:**
**State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**Counsel for Defendant/Appellant:**
**Harrison Thibeaux**

**GREMILLION, Judge.**

Defendant, Harrison Thibeaux, was convicted of domestic abuse battery, third offense, in violation of La.R.S. 14:35.3(E). He appeals his sentence of five years at hard labor to be served without benefit of probation, parole, or suspension of sentence to run consecutively with a ten-year sentence he received for theft over $500. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2010, Defendant was charged by Bill of Information with theft of more than $500 in violation of La.R.S. 14:67(B)(1). In February 2010, he was charged by Bill of Information with domestic abuse battery, third offense, in violation of La.R.S. 14:35.3(E).

In July 2010, Defendant entered into a felony plea agreement in which he agreed to plead guilty to domestic abuse battery, third offense, and theft of over $500. He agreed to a sentence of ten years at hard labor for the theft charge and the State agreed not to charge Defendant as a habitual offender. Defendant was sentenced to serve five years at hard labor to run consecutively to his ten-year sentence. Defendant filed a motion for reconsideration of sentence which was denied.

Defendant now appeals and asserts that his sentence is excessive and that the trial court failed to consider his mitigating circumstances listed in La.Code Civ.P. art. 894.1.

## EXCESSIVENESS OF SENTENCE

The State argues that Defendant's agreement to enter an open-ended plea to domestic abuse battery, third offense, with an agreement by the State not to habitually bill him, constitutes a cap on his sentence such that he is precluded from

1

raising the excessiveness of his sentence on appeal. Louisiana Code of Criminal Procedure Article 881.2(A)(2) states that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."

The plea agreement, signed by Defendant, was entered into the record. It states:

**II.     PLEA AGREEMENT**:

1.     10-0173: Domestic Abuse Battery (3rd offense); the defendant, HARRISON THIBEAUX, will plead OPEN ENDED and the Court will order a certified criminal history and set a sentencing hearing to be held at a later date;

2.     10-83: THEFT over $500; The Defendant, HARRISON THIBEUAX, is sentence[d] to ten (10) years at hard labor with the department of corrections.

3.     The State of Louisiana agrees not the charge the defendant as a habitual offender.

4.     The Court will decide if the sentences impose[d] run concurrent or consecutive.

The transcript of the plea indicates that Defendant understood the plea agreement he entered into:

Q. The possible penalty you could receive for pleading guilty to third offense domestic abuse battery is imprisonment with or without hard labor for not less than one year nor more than five years and a fine of $2,000. The first year of the sentence of imprisonment is without the benefit of probation, parole, or suspension of sentence. So you understand, if you pled guilty to that charge, you could be sentenced in accordance with that, which means that you could be sentenced to imprisonment with or without hard labor not less than one year nor more than five years. That could be your sentence, somewhere between one and five years and fine of $2,000. The first year of the sentence, you have to serve in jail because you can't get probation, parole or

2

suspension of sentence for the first year of the sentence. So you understand what the possible sentences are for pleading guilty to domestic abuse battery, third offense?

A. Yes, sir.

Q. And my understanding is that you agreed to plead guilty to domestic abuse battery, third offense. I'm going to decide what your sentence would be, between one and five years. It could be one, it could be five, or it could be two, or it could be three; anywhere between one and five years. I'm going to decide what your sentence would be.

A. Yes, sir.

Q. So you understand that that is what your agreement is to plead guilty to that charge?

A. Yes, sir.

Defendant waived his right to appeal his five-year sentence by entering into a plea agreement with a sentencing cap. The agreement was entered into the record at the time of the plea, and Defendant was sentenced to a term within the range that the trial court advised him of. *See State v. Senterfitt*, 00-415 (La.App. 3 Cir. 9/27/00), 771 So.2d 198, *writ denied*, 00-2980 (La. 9/28/01), 798 So.2d 107; *State v. Young*, 96-0195 (La. 10/15/96), 680 So.2d 1171. Accordingly, La.Code Crim.P. art. 881.2(A)(2) precludes Defendant from appealing his sentence.

**DECREE**

Defendant's sentence is affirmed.

**AFFIRMED.**

3