# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 11-40

STATE OF LOUISIANA

VERSUS

HARRISON THIBEAUX

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 10-173
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

ON REHEARING

SHANNON J. GREMILLION
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.

**SENTENCE AFFIRMED**.

**J. Phillip Haney**
**District Attorney - 16th JDC**
**300 Iberia Street, Suite 200**
**New Iberia, LA 70560**
**(337) 828-4100**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**Edward K. Bauman**
**Attorney at Law**
**P. O. Box 1641**
**Lake Charles, LA 70602-1541**
**(337) 491-0593**
**COUNSEL FOR APPELLANT:**
        **Harrison Thibeaux**

**GREMILLION, Judge.**

In *State v. Thibeaux*, 11-40 (La.App. 3 Cir. 5/11/11), 65 So.3d 1193, this court found the Defendant waived the right to appeal his five-year sentence by entering into a plea agreement with a sentencing cap. Rehearing is granted for the purpose of considering the correctness of this court's finding.

The Defendant appealed his sentence, alleging the sentence was constitutionally excessive and imposed without sufficient consideration of La.Code Crim.P. art. 894.1. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The Defendant entered a plea of guilty to domestic abuse battery, third offense, on July 13, 2010. At the time the Defendant entered his plea, the State informed the trial court that the Defendant struck his wife during an argument occurring on or about December 23, 2009. As a result, she suffered a bloody lip and had red marks on the face. On September 8, 2010, the Defendant was sentenced to serve five years at hard labor, with the first year to be served without benefit of probation, parole, or suspension of sentence.

## EXCESSIVE SENTENCE

The Defendant appealed his sentence alleging it was constitutionally excessive, and the trial court failed to consider several mitigating factors, including his age; marital status; dependents; family stability; employment; and mental, emotional, and physical health.

The Defendant pled guilty to domestic abuse battery, third offense. The penalty for said offense is imprisonment with or without hard labor for not less than one year nor more than five years. The first year of the sentence is to be imposed without benefit of probation, parole, or suspension of sentence. La.R.S. 14:35.3(E). The Defendant was sentenced to serve five years at hard labor, with the first year to be served without benefit of probation, parole, or suspension of

sentence. The sentence was ordered to run consecutively to a ten year sentence imposed for theft over $500.

This court discussed the standard of review applicable to claims of excessiveness in *State v. Bailey*, 07-130, p. 3 (La.App. 3 Cir. 10/3/07), 968 So.2d 247, 250, as follows:

> A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

> *State v. Guzman*, 99-1753, 99-1528, p. 15 (La.5/16/00), 769 So.2d 1158, 1167 (citations omitted).

> In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted), this court discussed the factors it would consider in order to determine whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals:

> > In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

At the sentencing hearing, the trial court reviewed a certified criminal history. The trial court indicated the Defendant was forty years old, a mature adult, and responsible and knowledgeable "for what he does." The trial court further

stated the Defendant had fourteen convictions from 1988 to 2009, and discussed the prior convictions as follows:

> His first conviction is in 1993, aggravated assault, a crime of violence. He was sentenced to some time in jail and suspended sentence.

> 1996, aggravated assault with a knife, crime of violence. He was sentenced to five months in jail and probation.

> Number 3, misrepresentation during booking and disturbing the peace by intoxication. Number 4.

> Number 5, theft over $500 in Lafayette. He was sentenced to five years hard labor, suspended, three years probation. He was revoked on that probation in 1999.

> Number 6, aggravated battery, domestic. He pled guilty to second degree battery. He was sentenced to four years at hard labor. He served that sentence.

> Number 7, simple burglary, 1998. He was convicted - sentenced in 2000, convicted [sic] to serve eight years at hard labor. . . . He was paroled, and his parole ended in 2008. So he completed that matter successfully.

> Number 8, aggravated assault, another crime of violence. He served three months.

> Number 9, theft of an automobile. He served three months.

> Number 10, theft, one year.

> Number 11, domestic abuse battery, 90 days, suspended, one year probation.

> Number 12, issuing worthless checks, 30 days in jail.

> . . . .

> Number 13 is domestic abuse battery. He pled guilty. He served 45 days in jail and one year probation. That was in 2009.

> Number 14, issuing worthless checks, 2009, sentenced to six months in jail, suspended, two years probation.

> . . . Number 15 is the current matter.

The trial court further stated:

> So he has 14 priors, and I've given the 14 priors and I said what they are. And I've considered those in his sentence.

3

He's already had many opportunities to correct his behavior since he has 14 prior convictions. He served time three times already, and obviously serving time does not discourage him from future criminal activity. He doesn't seem to learn from being incarcerated.

He has crimes of violence. He has four in his prior history, four crimes of violence. So he's a danger to society, and I consider him a danger to society.

I find he's in need of correctional treatment best provided by incarceration.

A lesser sentence would deprecate the seriousness of his offenses and prior offenses.

The trial court considered the Defendant's age at the time of sentencing. However, the Defendant did not ask the trial court to consider his marital status; dependents; family stability; employment; mental, emotional, and physical health; or any other mitigating factors. Thus, the trial court did not err in failing to consider those factors.

After reviewing the sentencing transcript, it is apparent the trial court considered the factors set forth in La.Code Crim.P. art. 894.1 at the time the Defendant was sentenced. Additionally, the record, which includes the Defendant's extensive criminal history, clearly supports the sentence imposed. Furthermore, as part of the Defendant's guilty plea, the State agreed not to charge the Defendant as a habitual offender. Accordingly, there is no merit to the Defendant's assertion that his five-year sentence is excessive.

**DECREE**

Application for rehearing is granted. After a thorough review of the record, we find Defendant's sentence is not excessive. Therefore, Defendant's sentence is affirmed in all respects.